Louis DeBernardo, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (212) 337-2083
Fax:  (212) 337-2112
LD (7352)

SOL:LDB:SR
(04)01199

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------
ELAINE L. CHAO, Secretary of Labor,      :
United States Department of Labor,
                                         :
            Plaintiff,                       Civil Action File
                                         :
         v.                                  No.
                                         :
NEW JERSEY LICENSED BEVERAGE
ASSOCIATION, INC.; MELVIN GITLER;        :
ROBERT SCERBO; PHIL CITTA;
WILLIAM CLEARY; ROBERT MARCIANI;         :   **COMPLAINT**
JOSEPH ARDIRE; RICHARD BELLSHOT;
JAMES HILL; MICHAEL MARSH;               :
LEWIS ROTHBART; FRANK ZANOTTI;
ANN SMULEWICZ; RANDY NORMAND;            :
MARY ROENICK, STEPHAN DI TOMASSO;
MIDLANTIC HEALTHCARE, INC.;              :
NEW JERSEY LICENSED BEVERAGE
ASSOCIATION EMPLOYEE WELFARE             :
BENEFIT PLAN;
                                         :
            Defendants.
------------------------------------

   ELAINE L. CHAO, Secretary of Labor, the United States Department of Labor ("the Secretary"), alleges:

1

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is brought by the Secretary of Labor under ERISA §§ 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to obtain relief for breaches of fiduciary duty under ERISA § 409, to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable and injunctive relief to redress violations and enforce the provisions of that Title.

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC. ("the Association") is and at all times relevant to this lawsuit has been a corporation that operated within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), as an association of employers operating restaurants and bars within the State of New Jersey and elsewhere. The Association at all relevant times was the Plan Administrator for the New Jersey Licensed Beverage Association Employee Welfare Benefit Plan ("the Plan") with the

authority to appoint and remove a Plan Administrator. The Association exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, at all relevant times, was and is a fiduciary of the Funds within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Association is a fiduciary to the Plan, it is a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

5. Defendant MELVIN GITLER ("Gitler") was a Trustee to the Plan during the years 1999 and 2000 and a Vice President of the Association during the years 2001 and 2002, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the period 1999 through and including 2002, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Gitler was a

fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

6. Defendant ROBERT SCERBO ("Scerbo") was a Trustee to the Plan during the years 1999 and 2000 and President of the Association during the year 2000, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, during the period 1999 through and including 2000, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Scerbo was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § (14)(A), 29 U.S.C. § 1002(14)(A).

7. Defendant PHIL CITTA ("Citta") was a Trustee to the Plan during the year 2000 and a Regional Director of the Association during the years 2000 through 2003, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus,

4

during the period 2000 through and including 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Citta was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

8. Defendant WILLIAM CLEARY ("Cleary") was a Trustee to the Plan during the year 2000 and the Executive Director of the Association during the period December 1999 through June of 2002, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the years 2000 through and including 2002, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Cleary was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

9. Defendant ROBERT MARCIANI ("Marciani") was a Trustee to the Plan during the year 2000, and exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or

disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during this year, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Marciani was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

    10. Defendant JOSEPH ARDIRE ("Ardire") was a Trustee to the Plan during the year 2003, President of the Association during the year 1999, and Regional Director during the years 2002 and 2003, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, during the period 1999 and 2002 through and including 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Ardire was a fiduciary the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

11. Defendant RICHARD BELLSHOT ("Bellshot") was a Trustee to the Plan during the year 2003 and President of the Association during the years 2002 and 2003, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the period 2002 through and including 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Bellshot was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

12. Defendant JAMES HILL ("Hill") was a Trustee to the Plan and a Vice President of the Association during the year 2003, and during this year exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the year 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Hill was a fiduciary to

the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

13. Defendant MICHAEL MARSH ("Marsh") was a Trustee to the Plan during the year 2003, the Treasurer of the Association during the years 2002 and 2003, and Regional Director during the years 2000 and 2001, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, during the period 2000 through and including 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Marsh was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

14. Defendant LEWIS ROTHBART ("Rothbart") was a Trustee to the Plan during the years 1999 and 2003, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus,

during the period 1999 through and including 2002, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Rothbart was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

15. Defendant FRANK ZANOTTI ("Zanotti") was a Trustee to the Plan during the year 2003, a Vice President of the Association during the year 2000, and President of the Association during the year 2001, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, during the years 2000, 2001 and 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Zanotti is a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

16. Defendant ANN SMULEWICZ ("Smulewicz") was a Trustee to the Plan during the year 1999, and during this year exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control

respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the year 1999, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Smulewicz was a fiduciary to the Plan, she was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

17. Defendant RANDY NORMAND ("Normand") during the years 2001 and 2002 exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the period 2001 through and including 2002, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Normand was a fiduciary to the Plan, he was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

18. Defendant MARY ROENICK ("Roenick") during the years 2001 and 2002 exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's

assets or has had discretionary authority or discretionary responsibility in the administration of the Plan and thus, during the period 2001 through and including 2002, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Roenick is a fiduciary to the Plan, she was a party-in-interest with respect to the Plan under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

19. Defendant STEPHAN DI TOMASSO ("Di Tomasso") was an officer and Vice President of Midlantic Healthcare Inc., the Plan Administrator for the Plan. Defendant Di Tomasso also was a named fiduciary of the Plan as well as the Plan Administrator, and during the years 1998 through and including 2003 exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the period 1998 through and including 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Di Tomasso was a both a fiduciary and a service provider to the Plan, he was a party-in-interest with respect to the Plan under ERISA §§ 3(14)(A) and (B), 29 U.S.C. §§ 1002(14)(A) and (B

20. Defendant MIDLANTIC HEALTHCARE, INC., ("Midlantic Healthcare") was the named fiduciary to the Plan and the Plan Administrator during the years 1998 through and including 2003, and during these years exercised discretionary authority or discretionary control respecting management of the Plan or exercised authority or control respecting management or disposition of the Plan's assets or has had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, during the period 1998 through and including 2003, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). In addition, since defendant Midlantic Healthcare was both a fiduciary and a service provider to the Plan, it was a party-in-interest with respect to the Plan under ERISA §§ 3(14)(A) and (B), 29 U.S.C. §§ 1002(14)(A) and (B).

21. The Plan is and at all times relevant to this lawsuit has been a self funded employee welfare benefit plan operating within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

22. The Plan is joined in this lawsuit for the purpose of ensuring complete relief among the parties under Fed. R. Civ. P. 19.

23. Defendants Association, Gitler, Scerbo, Citta, Cleary, Marciani, Ardire, Bellshot, Hill, Marsh, Rothbart, Zanotti,

Scmulewicz, Norman and Roenick are herein referred to collectively as the "NJLBA defendants".

24. Defendants Midlantic and Di Tomasso are herein referred to collectively as the "Midlantic defendants".

### FACTUAL ALLEGATIONS

25. By contract dated December 9, 1997 the defendant New Jersey Licensed Beverage Association, Inc. appointed defendant Midlantic Health Care, Inc. to be the Manager or Plan Administrator of the Plan effective January 1, 1998. Midlantic defendants were thereby delegated the authority and duty to act on behalf of the Trustees in all respects, insofar as necessary for the Manager to perform the function of a General Agent for the Plan.

26. Pursuant to these contracts, defendant Midlantic was obligated to maintain and to provide to the Trustees all books, record, and daily reports needed to determine the Plan's financial exposure, as well as the amount of premiums paid or due therefore. Midlantic defendants were further obligated to permit the Plan, the Trustees, and the Department of Labor to inspect said books and records, and to keep them in such manner and form as required by the Department of Labor.

27. During the years 1998 through and including 2003, the NJLBA defendants were continuously advised by the Midlantic

13

defendants that an actuarial study of the contribution rates was needed to determine the adequate level of funding needed to support the benefit levels set by the Plan and to establish proper rates for contributions to the Plan.

28. During the years 1998 through and including 2003, the NJLBA defendants and the Midlantic defendants failed to determine the adequate level of funding needed to support the benefit levels set by the Plan, and failed to establish sufficient rates of contributions to the Plan to fund health benefits accrued under the Plan.

29. During the years 1998 through and including 2003, the Midlantic defendants knew the Plan's benefit funding was insufficient to provide the health benefits contracted to be paid to Plan participants for health care claims. The Midlantic defendants advised the NJLBA defendants to raise contribution rates to levels sufficient to support the health benefit levels set by the Plan, and to secure the financial viability of the Plan.

30. During the years 1998 through and including 2003, the NJLBA defendants did not establish contribution rates adequate to support the health benefit levels set by the Plan and to secure the financial viability of the Plan.

31. During the years 1998 through and including 2003, the Midlantic defendants did not timely supply or furnish to the NJLBA defendants information on the financial status of the Plan, including the amount of unpaid claims.

32. By contract dated April 2, 2002, the NJLBA defendants reappointed defendant Midlantic Health Care, Inc. to the position of Plan Manager or Plan Administrator effective January 1, 2002.

33. During the years 1998 through and including 2003, the NJLBA defendants failed to monitor the financial status of the Plan by obtaining from the Midlantic defendants financial information needed to determine the Plan's financial viability, including the amount of the Plan's unpaid claims.

34. During the years 1998 through and including 2003, the NJLBA defendants did not remove the Midlantic defendants from the position of the Plan Manager or Plan Administrator when Midlantic defendants did not provide NJLBA defendants with financial information needed to determine the Plan's financial viability.

35. During the years 2001 through and including 2003, Midlantic defendants failed to place, obtain and maintain in effect reinsurance policies to protect the Plan from catastrophic losses.

36. During the years 1998 through and including 2003, the Midlantic defendants incurred excessive administrative expenses in the operation of the Plan.

37. During the years 1998 through and including 2003, Midlantic defendants imprudently administered and mismanaged the Plan and caused losses to the plan.

38. During the years 1998 through and including 2003, the NJLBA defendants failed to monitor the Midlantic defendants' Plan administration and management.

39. During the years 1998 through and including 2003, the NJLBA defendants did not remove the Midlantic defendants from the position of the Plan Manager or Plan Administrator because Midlantic defendants incurred excessive administrative expenses and mismanaged the Plan.

40. In August of 2003, the NJLBA defendants learned that the Plan had an unpaid backlog of $6,110,323.97 in claims. Thereafter, the NJLBA defendants ceased operations of the Plan.

**VIOLATIONS**

41. By the conduct described in Paragraph 25 through and including 40, the NJLBA defendants failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries, in that NJLBA defendants (1) failed to administer the Plan for the exclusive purpose of

providing benefits to the Plan's participants and beneficiaries and defraying reasonable expenses of administering the Plan under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and (2) failed to administer the Plan with the care, skill, prudence and diligence that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims under ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

42. By the conduct described in Paragraph 25 through 40 the Midlantic defendants failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries, in that the Midlantic defendants (1) failed to administer the Plan for the exclusive purpose of providing benefits to the Plan's participants and beneficiaries and defraying reasonable expenses of administering the Plan under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and (2) failed to administer the Plan with the care, skill, prudence and diligence that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims under ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

**PRAYER FOR RELIEF**

**WHEREFORE,** the Secretary of Labor requests that the Court enter an Order:

1. Requiring the defendants Stephan Di Tomasso, Midlantic Healthcare, the New Jersey Licensed Beverage Association, Inc., Melvin Gitler, Robert Scerbo, Phil Citta, William Cleary, Robert Marciani, Joseph Ardire, Richard Bellshot, James Hill, Michael Marsh, Lewis Rothbart, Frank Zanotti, Ann Scmulewicz, Randy Normand, and Mary Roenick to restore losses plus interest, incurred by the Plan as a result of defendants' violations of ERISA;

2. Permanently enjoining the defendants Stephan Di Tomasso, Midlantic Healthcare, the New Jersey Licensed Beverage Association, Inc., Melvin Gitler, Robert Scerbo, Phil Citta, William Cleary, Robert Marciani, Joseph Ardire, Richard Bellshot, James Hill, Michael Marsh, Lewis Rothbart, Frank Zanotti, Ann Scmulewicz, Randy Normand, and Mary Roenick from serving as a fiduciary or service provider to an ERISA-covered plan;

3. Permanently enjoining the defendants Stephan Di Tomasso, Midlantic Healthcare, the New Jersey Licensed Beverage Association, Inc., Melvin Gitler, Robert Scerbo, Phil Citta, William Cleary, Robert Marciani, Joseph Ardire, Richard

Bellshot, James Hill, Michael Marsh, Lewis Rothbart, Frank Zanotti, Ann Scmulewicz, Randy Normand, and Mary Roenick from violating, ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B).

4. Appointing an independent fiduciary with authority and control over the management and administration of the Plan including the authority to marshal assets on behalf of the Plan, pursue claims on their behalf, and take all appropriate actions for the rehabilitation or liquidation of the Plans and distribution of assets to the Plan participants, beneficiaries, and creditors as may be necessary and proper;

5. Ordering the defendants, their agents, employees, service providers, banks, accountants, and attorneys to preserve and provide the Secretary and the independent fiduciary all of the books, documents, and records relating to the finances and administration of the entities;

6. Awarding the plaintiff Secretary of Labor the costs of this civil action; and

      7.    Providing such other relief as is equitable and just.

DATED:    November 18, 2004
              New York, New York

                                  Respectfully Submitted,

                                  HOWARD M. RADZELY
                                  Solicitor of Labor

                                  PATRICIA M. RODENHAUSEN
                                  Regional Solicitor

                                  LOUIS DE BERNARDO
                                  Attorney
                                  LD (7352)

                                  U.S. Department of Labor,
                                  Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (212) 337-2083
Fax:  (212) 337-2112