NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELAINE L. CHAO, Secretary of      :
Labor, United States
Department of Labor,              :

       Plaintiff,             :
                             Civil Action No. 04-5692(JWB)
    v.                         :
                             **O P I N I O N**

NEW JERSEY LICENSED BEVERAGE     :
ASSOCIATION, INC., et al.,
                        :
       Defendants.
                        :

**APPEARANCES**:

    OFFICE OF THE SOLICITOR
    U.S. DEPARTMENT OF LABOR
    By:  Louis DeBenardo, Esquire
    201 Varick Street, Room 707
    New York, New York  10014
    (Attorney for Plaintiff)

    TEICH GROH
    By:  Dean S. Nalbone, Esquire
    691 State Highway 33
    Trenton, New Jersey  08609

        - and -

    GIBBONS, DEL DEO, DOLAN,
     GRIFFINGER & VECCHIONE
    By:  Richard S. Zackin, Esquire
    One Riverfront Plaza
    Newark, New Jersey  07102-4500
    (Attorneys for Defendant
    New Jersey Licensed
    Beverage Association, Inc. and
    New Jersey Licensed Association
    Employee Benefits Plan)

```
BOLAN JAHNSEN REARDON
By:  Erik Anderson, Esquire
830 Broad Street
P.O. Box 770
Shrewsbury, New Jersey  07702

        - and -

WEINER LESNIAK
By:  Ronald A. Berutti, Esquire
693 Parsippany Road
Box 438
Parsippany, New Jersey  07054
(Attorneys for Defendant
Midlantic Healthcare Association)
```

**BISSELL**, Chief Judge

This matter comes before the Court on a motion by defendants New Jersey Licensed Beverage Association, Inc. and New Jersey Licensed Beverage Association Welfare Benefits Plan ("NJLBA") to remove a state court action that was filed by Midlantic Healthcare ("Midlantic") in the Law Division, Superior Court of New Jersey.

In the instant federal action, NJLBA and Midlantic are co-defendants in an action brought by Elaine L. Chao, Secretary of Labor for the United States Department of Labor ("the Chao case"). (See Compl.)  In comparison, Midlantic brought the state court action in the Superior Court of New Jersey, Law Division, Passaic County, against NJLBA.  (SCNJ Docket No. L3921-04). (See Anderson Cert., ¶ 1).

Now NJLBA has filed a motion to remove the state court

action brought by Midlantic.   However, NJLBA has filed this motion in the federal case where NJLBA and Midlantic are both defendants:  the Chao case.  NJLBA's filing of this motion in the Chao case is procedurally improper; and this Court does not have jurisdiction to hear it.

### The Proper Procedure for Removing a State Court Action

To properly remove a state court action to federal court pursuant to 28 U.S.C. § 1441, a state court defendant such as NJLBA must follow the procedures set forth in 28 U.S.C. § 1446. Under § 1446, a defendant in a state court action can remove a case by filing a notice of removal of the state court action to federal court.  There is no procedure that allows a state court defendant to remove the state court action by prosecuting a motion in an already pending federal action.

If NJLBA wants to remove the state court action to federal court, it must file a notice of motion within the applicable removal period (30 days from the time when the first defendant is served or within 30 days after the service of summons upon the defendant)[1] with this Court.  (See 28 U.S.C. § 12446).  Moreover, if NJLBA is attempting to combine the state court action with the

---

[1] The court notes that, based on the pleadings submitted, this 30-day period ran long before the current motion to remove was filed, thereby raising the question of whether the state court action can properly be removed to federal court at all. The Court does not have jurisdiction to hear the current motion. Moreover, it will not address the merits of any potential § 1446 removal which has not yet been pursued.

Chao federal action, NJLBA must (if it can) first remove the state court action pursuant to 28 U.S.C. § 1441 et seq. and then (if removed) NJLBA could petition the Court to consolidate the removed state court action with the Chao federal action pursuant to Fed. R. Civ. P. 42.

## **CONCLUSION**

For the foregoing reasons, this Court does not have jurisdiction to hear defendant's NJLBA's motion to remove the state court action filed by Midlantic Healthcare in the Superior Court of New Jersey.  Therefore, defendants NJLBA's motion to remove to this Court Midlantic Health Care v. New Jersey Licensed Beverage Assoc., et al, SCNJ Docket No. L-3921-04, is dismissed.


                                    /s/    John W. Bissell
                                        JOHN W. BISSELL
                                         Chief Judge
                                    United States District Court


DATED:  May 17, 2005