**WEINER LESNIAK LLP**
629 Parsippany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438
Phone: (973) 403-1100     Fax: (973) 403-0010
*Attorneys for Defendants/Third-Party Plaintiffs,*
 *Midlantic Healthcare, Inc. and Stephan Di Tomasso*
Our File No.: 85711

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>                    Plaintiff,<br><br>vs.<br><br>NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; MELVIN GITLER; ROBERT SCERBO, PHIL CITTA; WILLIAM CLEARY, ROBERT MARCIANI; JOSEPH ARDIRE, RICHARD BELLSHOT, JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART, FRANK ZANOTTI; ANN SMULEWICZ, RANDY NORMAND, MARY ROENICK, STEPHAN DI TOMASSO; MIDLANTIC HEALTHCARE, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE WELFARE BENEFIT PLAN;<br><br>                    Defendants.<br><br>and<br><br>STEPHAN DI TOMASSO, MIDLANTIC HEALTHCARE, INC.<br><br>                    Third-Party Plaintiffs<br><br>vs.<br><br>HORIZON HEALTHCARE SYSTEMS, NATIONAL BENEFITS ADMINISTRATORS, INTERNATIONAL RISK CONSULTANTS, IMMS/STARLINE GROUP, XYZ CORPS 1-10 (said names being fictitious) and JOHN DOES 1-10 (said names being fictitious),<br><br>                    Third-Party Defendants. | Civil Action No. 04-5692 (JWB)<br><br>**THIRD-PARTY COMPLAINT<br>AND JURY DEMAND** |

*Weiner*
*Lesniak*
*LLP*

*Attorneys at Law*

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

Defendants, Third-Party Plaintiffs, Stephen DiTomasso and Midlantic Healthcare, Inc. (collectively "Midlantic"), by their attorneys Weiner Lesniak, LLP, by way of Third-Party Complaint, with knowledge as to their own acts and upon information and belief as to all others, say:

### JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), and has been filed by the Secretary of Labor as against the Defendant/Third-Party Plaintiffs under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 132 (a)(2) and (5), to obtain relief for alleged breaches of fiduciary duty under ERISA § 409, to enjoin acts and practices which violate the provisions of Title I of ERISA and to obtain other appropriate equitable and injunctive relief to redress alleged violations and enforce the provisions of said Title.

2.      The Third-Party Complaint is filed as against parties that the Defendants/Third-Party Plaintiffs allege are actually responsible for the losses complained of, if any, pursuant to ERISA § 502(a)(2), 29 U.S.C. §§ 1132(a)(2) and (5), and under principles of pendent jurisdiction.

3.      The venue of this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2) and 29 U.S.C. § 1132 (e)(2).

### PARTIES

4.      Third-Party Defendant, Horizon Health Care Administrators ("Horizon"), is an entity which acted as Third-Party Administrator ("TPA") for the New Jersey Licensed Beverage Association, Inc.'s ("NJLBA") Employee Welfare Benefit Plan (the "Plan"), which is

*WEINER*
*LESNIAK*
*LLP*

*Attorneys at Law*

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

the subject of this action.  Horizon's address is c/o Horizon Blue Cross/Blue Shield of New

Jersey, 310 Plaza East, Mail Station EP-046, Newark, New Jersey 07105-2200.

5.     Third-Party Defendant, National Benefits Administrators, Inc. ("NBA"),

succeeded Horizon as TPA for the Plan.  NBA maintains an address of 140 Littleton Road,

Suite 310, Parsippany, New Jersey 07054.

6.     Third-Party Defendant, International Risk Consultants ("IRC"), is an insurance

brokerage with an address of Hidden Valley Farm, Lynnfield, Massachusetts 01940, which

was responsible for placing appropriate reinsurance for the subject Plan, and administering

reinsurance claims as a managing general agent for the NJLBA.

7.     Third-Party Defendant IMMS/Starline Group ("Starline") was responsible for

obtaining reinsurance, processing reinsurance claims, and reimbursing the NJLBA for same,

and maintains an address of 180 Teaticket Highway, Suite 203, East Falmouth,

Massachusetts 02536.

### COUNT ONE

8.     The Third-Party Plaintiffs repeat each and every allegation above as if fully set

forth herein at length.

9.     Horizon acted as Claims Administrator for the Plan between 1990 and

sometime in 2001, and was a Plan fiduciary by virtue of its services and the related

discretionary authority it employed.

10.     Pursuant to its duties as TPA, Horizon was to administer all health insurance

claims made by participating members of the Plan and was responsible for submitting claims

and monitoring recovery under relevant reinsurance contracts.

*WEINER*
*LESNIAK*
*LLP*

*Attorneys at Law*
629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

3

11.     In the aforesaid capacity, Horizon was to process all claims on a current basis and ensure payment for same in accordance with the Plan. Likewise, Horizon produced a current monthly statement of all claims made under the Plan to the Third-Party Plaintiffs so that the Third-Party Plaintiffs could track same and make appropriate recommendations to the NJLBA and its trustees (the "Trustees"), who were responsible for running the Plan and making all critical decisions regarding billing and enrollment issues.

12.     Horizon became unable to process the claims as a result of its lack of necessary staffing and its own internal administrative problems.

13.     The result of Horizon's failures were that unprocessed claims were not being reported to the Third-Party Plaintiffs or the Trustees.

14.     Moreover, Horizon otherwise acted in a manner detrimental to the Plan and its participants so as to breach its duties and cause damages to the Plan, both compensatory and consequential.

15.     To the extent that Midlantic is liable herein, which is denied, Horizon is liable to them for contribution and indemnity pursuant to the Joint Tortfeasors Contribution Act, *N.J.S.A.* 2A:53A-1, et seq., and pursuant to the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1, et seq.

**WHEREFORE**, Midlantic demands judgment in their favor, and against Horizon, for all costs incurred for the defense of this suit and for the amount of any judgment which may be awarded against Defendants/Third-Party Plaintiffs and in favor of the Plaintiffs herein.

## COUNT TWO

16.     Midlantic repeats each and every allegation above as if fully set forth herein at length.

*WEINER*
*LESNIAK*
*LLP*

*Attorneys at Law*

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

4

17.    NBA acted as Third-Party Administrator for the Plan between 2001 and 2003 in which capacity it was a fiduciary.

18.    Pursuant to its obligations as TPA, NBA had the same responsibilities as did Horizon with regard to processing and administering claims.

19.    NBA failed to perform in accordance with its contractual and fiduciary obligations in that it was unable or unwilling to process all claims, and failed to keep Midlantic advised of the ongoing potential liabilities of the Plan, despite demand repeatedly having been made for all such information.

20.    Further, in the year 2003, in addition to taking responsibility for administering claims as TPA, NBA undertook the responsibility of brokering reinsurance coverage and administering reinsurance claims.

21.    In this capacity as broker and administrator of reinsurance claims, NBA failed to properly submit and administer claims for which reinsurance coverage should have been available, thereby directly and proximately causing damages to the Plan.

22.    As a result of the foregoing, NBA negligently breached its contractual and fiduciary duties, has directly and proximately caused compensatory and actual damages to the Plan, and is liable to the Third-Party Plaintiffs to the extent of any such liability, which is denied, for indemnity and contribution pursuant to the Joint Tortfeasors Contribution Act, *N.J.S.A.* 2A:53A-1, et seq. and pursuant to the Comparative Negligence Act, *N.J.S.A.* 2A:15-5-1, et seq..

**WHEREFORE**, Midlantic demands judgment in their favor, and against NBA, for all costs incurred for the defense of this suit and for the amount of any judgment which may be awarded against Defendants/Third-Party Plaintiffs and in favor of the Plaintiffs herein.

WEINER
LESNIAK
*LLP*

*Attorneys at Law*
629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

5

## COUNT THREE

23.    The Third-Party Plaintiffs repeat each and every allegation above as if fully set forth herein at length.

24.    IRC was a reinsurance broker and acted as administrator of reinsurance claims as managing general agent.

25.    Between 1994 and 2001, IRC placed reinsurance with INA, which policy had a $100,000.00 per claim "stop loss" provision.

26.    Thereafter, IRC placed insurance with Legion Insurance in 2001. Legion went bankrupt that same year thereby causing an inability of the Plan to receive reimbursement through its reinsurance contract with Legion thereafter.

27.    IRC's recommendation and placement of reinsurance with Legion was negligent given its financial status and, thus, IRC breached the duty of care owed to the Plan, and others.

28.    As a direct and proximate result of such breaches of duties of care, IRC caused damages to the Plan.

29.    In 2002, IRC placed reinsurance with ACE Insurance.

30.    In so doing, IRC failed to note that ACE had a full funding requirement before it would provide any reinsurance recovery.

31.    IRC knew or should have known that it was not possible for the Plan to fully fund claims given its financial circumstances and, thus, that such placement with ACE was inappropriate for the Plan's needs.

WEINER
LESNIAK
LLP

Attorneys at Law
629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

6

32.     Moreover, the Plan paid premiums to ACE for eleven (11) months before learning that ACE had a full funding requirement, which caused the Plan to be unable to obtain suitable reinsurance coverage for the entire year.

33.     Upon information and belief, despite making its best efforts to mitigate the damages caused by IRC's negligence, the Plan was directly and proximately caused damages of at least $2 million, for which IRC is liable.

34.     Additionally, part of IRC's responsibility were to ensure that all claims over $100,000.00 were processed through the appropriate reinsurance carrier.

35.     Upon information and belief, numerous such claims were not processed as a result of IRC's negligence, which directly and proximately caused damages to the NJLBA.

36.     To the extent that Midlantic is liable herein, which is denied, IRC is liable to them for indemnity and contribution pursuant to the Joint Tortfeasors Act, *N.J.S.A.* 2A:53A-1, et seq., and pursuant to the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1. et seq.

**WHEREFORE**, Midlantic demands judgment in their favor, and against International Risk Consultants, for all costs incurred for the defense of this suit and for the amount of any judgment which may be awarded against Defendants/Third-Party Plaintiffs and in favor of the Plaintiffs herein.

## COUNT FOUR

37.     Midlantic repeats each and every allegation above as if fully set forth herein at length.

38.     Starline is a reinsurance broker and agent, and acted as managing general agent and program administrator responsible for underwriting, writing and administering

*WEINER*
*LESNIAK*
*LLP*

*Attorneys at Law*
629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

7

reinsurance coverage for all claims in excess of $25,000.00 and up to $100,000.00 for the Plans between the years 1993 and 2003.

39.    Starline was to process claims from Horizon or NBA and submit them to the reinsurance carrier. The reinsurance carrier was then supposed to reimburse the NJLBA for payment of all losses in excess of $25,000.00.

40.    On numerous occasions, claims which IRC was paying on amounts in excess of $100,000.00, Starline was failing to process on amounts under $100,000.00.

41.    As a direct and proximate result of Starline's negligence and failure to comply with the contractual obligations, Starline caused damage to the Plan.

42.    To the extent Midlantic is liable herein, which is denied, Starline is liable to them for indemnity and contribution pursuant to the Joint Tortfeasors Act, *N.J.S.A.* 2A:53A-1, et seq., and pursuant to the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1. et seq.

**WHEREFORE**, Midlantic demands judgment in their favor, and against Starline, for all costs incurred for the defense of this suit and for the amount of any judgment which may be awarded against Defendants/Third-Party Plaintiffs and in favor of the Plaintiffs herein.

## COUNT FIVE

43.    Midlantic repeats each and every allegation above as if fully set forth herein at length.

44.    John Does 1-10 is a fictitious name for individuals who performed acts on behalf of the Plan and/or Midlantic which directly and proximately caused losses to the Plan either as a result of contractual breaches and/or negligence.

WEINER
LESNIAK
LLP

*Attorneys at Law*

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

8

45.    XYZ Corporation 1-10 is a fictitious name for legal entities which performed services for the Plan, Midlantic and/or DiTomasso which directly and proximately caused losses to the Plan by virtue of breaches of contract and/or negligence.

46.    To the extent that Midlantic is held liable herein, John Does 1-10 and XYZ Corporations 1-10 are liable to the Third-Party Plaintiffs for defense, indemnity and contribution with respect to any such losses as a result of their breach of the contract and/or negligence pursuant to the Joint Tortfeasors Act, *N.J.S.A.* 2A:53A-1, et seq., and pursuant to the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1. et seq.

**WHEREFORE**, Midlantic demands judgment in their favor, and against John Does 1-10 and XYZ Corporations, for all costs incurred for the defense of this suit and for the amount of any judgment which may be awarded against Defendants/Third-Party Plaintiffs and in favor of the Plaintiffs herein.

**JURY DEMAND**

Third-Party Plaintiffs demand trial by jury on all Counts so triable.

**WEINER LESNIAK LLP**
*Attorneys for Defendants/Third-Party Plaintiffs,*
*Stephen DiTomasso and Midlantic Healthcare, Inc.*

By: _____
RONALD A. BERUTTI
A Member of the Firm

Dated:  August 22, 2005

*WEINER*
*LESNIAK*
*LLP*

*Attorneys at Law*

629
PARSIPPANY ROAD
PARSIPPANY, NJ
07054-0438
973-403-1100

F:\WP-DATA\INS\MATTERS\65711 Third-Party Complaint.doc

9