**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

**Re:    Chao v. New Jersey Licensed Beverage Association, Inc., et al., No. 04-cv-5692**

Dear Parties:

Presently before the Court are two motions filed by Starline USA, LLC ("Starline")[1] and Horizon Healthcare Systems ("Horizon"), respectively, seeking to dismiss the Third Party Complaint filed by Stephen DiTomasso and Midlantic Healthcare, Inc. ("Midlantic," collectively with DiTomasso, the "Midlantic defendants") under Federal Rules of Civil Procedure 12(b)(6) and/or Rule 14(a).  For the reasons set forth below, Starline's motion is granted and Horizon's motion is denied.

**I.  Background**

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq*., relating to the collapse of the New Jersey Licensed Beverage Association Employee Welfare Benefit Plan (the "Plan").  The original complaint in this matter was brought by Elaine Chao, Secretary of Labor, United States Department of Labor ("DOL"), against the New Jersey Licensed Beverage Association, Inc. ("NJLBA"), the individual trustees of the Plan (collectively with the NJLBA, the "NJLBA defendants"), and the Midlantic defendants seeking, among other things, the restoration of over $6 million in losses suffered by the Plan.

According to the complaint, Midlantic was the Plan Administrator and a fiduciary to the Plan from 1998 through 2003.  DiTomasso was an officer of Midlantic and is also alleged to have been a fiduciary to the Plan.  The complaint alleges that the Midlantic defendants breached their fiduciary duties to the Plan by (1) failing to properly determine Plan funding needs and contribution rates; (2) failing to provide the NJLBA and the Plan trustees with timely financial information; (3) failing to obtain and maintain appropriate reinsurance; (4) incurring excessive administrative expenses; and (5) mismanaging the Plan.

---

[1] Starline was apparently improperly pled as "IMMS/Starline Group."

The Midlantic defendants filed a Third Party Complaint ("TPC") seeking contribution and indemnification against Starline and Horizon pursuant to New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*, and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.* According to the TPC,[2] Horizon acted as the Third Party Administrator ("TPA") for the Plan between 1990 and sometime in 2001. Horizon's role was "to administer all health insurance claims made by participating members of the Plan and was responsible for submitting claims and monitoring recovery under relevant reinsurance contracts." TPC at ¶ 10. The TPC alleges that Horizon became unable to process the claims, did not report its failures to the third-party plaintiffs or the Plan's trustees, and "otherwise acted in a manner detrimental to the Plan so as to breach its duties and cause damages to the Plan." TPC at ¶ 14.

The TPC also alleges that Starline, a reinsurance broker and agent, was responsible for "underwriting, writing and administering" reinsurance coverage for the Plan between 1993 and 2003. TPC at ¶ 38. The Midlantic defendants claim that Starline failed to process certain claims, and as a result "of Starline's negligence and failure to comply with the contractual obligations, Starline caused damage to the Plan." TPC at ¶ 41.

Starline argues that the TPC should be dismissed as to it because (1) the claims asserted allege damage to the Plan and not to the Midlantic defendants; and (2) the TPC does not state a valid claim for contribution or indemnity under New Jersey law. Horizon has adopted the arguments and reasoning set forth in Starline's papers, and it also argues that the Midlantic defendants lack standing to sue Horizon because Horizon is not a fiduciary with respect to the Plan and the Midlantic defendants are not parties to any agreement with Horizon.

In response to these motions to dismiss, the Midlantic defendants argue that it was the negligent conduct of Starline and Horizon that caused damages to the Plan, which damages the DOL alleges were caused by the Midlantic defendants and the NJLBA defendants. As such, the Midlantic defendants argue that Starline and Horizon are liable for contribution and indemnification. Through the TPC, the Midlantic defendants "seek[] recovery from those parties alleged to be truly culpable" for the $6 million Plan shortfall. Opp. Brf. at 7.

## II. Legal Analysis

Federal Rule of Civil Procedure 14 permits a defendant, "as a third-party plaintiff, [to] cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). A claim may be asserted under this rule "only when the third-party defendant's liability is derivative or secondary." *Tesch v. U.S.*, 546 F. Supp. 526, 529 (E.D. Pa. 1982). As described in a recent decision,

> [a] third-party claim under Rule 14 can be maintained only if the liability asserted

---

[2]The facts set forth in the TPC are accepted as true for the purposes of this motion.

> is in some way derivative of the main claim.  A third party cannot be joined simply because that party may be solely liable to the plaintiff .... Therefore, a third-party action is proper only when a right to relief exists under the applicable substantive law.  [A] third party claim is not appropriate where the defendant and putative third party plaintiff say[ ], in effect, "It was him, not me." Such a claim is viable only where a proposed third party plaintiff says, in effect, "If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff."

*PPV Connection, Inc. v. Rodriguez*, 228 F.R.D. 99, 101 (D.P.R. 2005) (internal quotations and citations omitted, alterations in original).

In the present case, the claims of the third-party plaintiffs (the Midlantic defendants) are contribution and indemnity pursuant to New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*, and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.* Being procedural in nature, Rule 14 does not itself create a right of contribution or indemnity, therefore, third-party plaintiff's right to relief must be cognizable under these statutes.

Looking first at Starline, the TPC alleges that Starline "was responsible for obtaining reinsurance, processing reinsurance claims, and reimbursing the NJLBA for same." TPC at ¶ 7. It was Starline's responsibility "to process claims from Horizon or NBA [another third party defendant] and submit them to the reinsurance carrier." *Id.* at ¶ 39.  Starline failed to properly process claims, and as a result of its negligence and breach of contract, Starline caused damage to the Plan.  *Id.* at ¶ 40-41.

Through these allegations, the Midlantic defendants appear to be doing exactly what is not permitted under Rule 14, namely, claiming "it was him, not me." Nothing in the allegations set forth in the TPC can be construed as a claim that Starline "is or may be liable to the third-party plaintiff," Fed. R. Civ. P. 14, with the exception of the bare allegation that Starline is liable to the Midlantic defendants for indemnity and contribution.  While such claims are generally a proper basis for a third-party complaint, these claims are not appropriate under the facts as pled in the TPC.

Under New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, *et seq.*, "joint tortfeasors" are "two or more persons jointly or severally liable in tort for the same injury." The Midlantic defendants and Starline are not joint tortfeasors, as Starline's alleged failure to properly process reinsurance claims received from the third party administrator is distinct from the Midlantic defendants' alleged failure to properly manage the Plan.  Also, the Midlantic defendants' argument that the "same injury" requirement of the statute is fulfilled because "the third-party defendants caused there to be insufficient funds for purposes of paying Plan participants' health insurance claims," Opp. Brf. at 10, presumes far too broad a definition of "injury." Under the Midlantic defendants' reasoning, any party that in any way contributed to the

3

alleged $6 million deficit in the Plan could be liable to Midlantic for contribution.  This is not the law.

The Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.*, which deals with the apportionment of liability among defendants on the basis of each party's proportion of fault in negligence actions, does not save the third-party complaint against Starline.  Nor does the fact that the NJLBA defendants have asserted their own claims against these third party defendants.  Accordingly, Starline's motion shall be granted.

Turning to Horizon, the Court finds a different outcome is warranted.  According to the TPC, Horizon was the TPA for the Plan between 1990 and 2001, and was responsible for administering health insurance claims as well as submitting and monitoring claims under applicable reinsurance contracts.  Horizon was to produce to the Midlantic defendants a monthly statement of all claims made under the Plan, "so that the [Midlantic defendants] could track same and make appropriate recommendations to the NJLBA and its trustees."  TPC at ¶ 11.  When Horizon became unable to process claims "as a result of its lack of necessary staffing and its own internal administrative problems," TPC at ¶ 12, the unprocessed claims were not being reported to the Midlantic defendants.

Horizon first argues, with little or no elaboration, that the Midlantic defendants "lack standing to sue Horizon for any alleged breach of its duties under the Administrative Services Agreement" because "Horizon is not a fiduciary and the Midlantic Defendants are not parties to any agreement with Horizon."  Horizon Brf. at 3.  However, the Midlantic defendants have not impleaded Horizon on a direct breach of contract theory or breach of fiduciary duty theory; rather, the Midlantic defendants seek recovery from Horizon as a joint tortfeasor.  Moreover, the Court finds that in this case it is inappropriate to resolve Horizon's status as a fiduciary on this motion to dismiss.  *See, e.g., In re Cardinal Health, Inc. ERISA Litigation*, 424 F. Supp. 2d 1002, 1030 (S.D. Ohio 2006) (noting that "fiduciary status is a fact-intensive inquiry, making the resolution of that issue inappropriate for a motion to dismiss.") (citing cases).

Horizon next expressly adopts the arguments set forth in Starline's moving brief at pages 4-7, which assert that (1) the claims asserted in the TPC are improper under Rule 14 because they allege damage to the Plan and not to the Midlantic defendants; and (2) the TPC does not state a valid claim for contribution or indemnity under New Jersey law.  However, unlike with the claims against Starline, the TPC does state facts that support, at least at this stage in the proceedings, the third-party claims against Horizon.  In particular, it is alleged that Horizon "produced a current monthly statement of all claims made under the Plan" to the Midlantic defendants that enabled the Midlantic defendants to track the claims and make "appropriate recommendations" to the NJLBA and the trustees, and at some point Horizon became unable to process claims and did not report the unprocessed claims to the Midlantic defendants.  TPC at ¶ 11.  One implication of these facts, although not expressly stated, is that this failure affected the Midlantic defendants' ability to make appropriate recommendations to the NJLBA and the trustees, which, in turn, appears to relate directly to the DOL's claims against the Midlantic

defendants.  Consequently, Horizon's motion to dismiss shall be denied.

### III.  Conclusion

For the reasons stated above, the Starline's motion is granted and the TPC is dismissed as to Starline.  Horizon's motion is denied.  An appropriate order accompanies this opinion.


Date:   November 2, 2006                            /s/ JOEL A. PISANO
                                                    United States District Judge