# EXHIBIT 1

```
 1
 2                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
 3

 4     Elaine L. Chao,              .      Docket #CV-04-5692 (JAP)
                                    .
 5          Plaintiff.              .
                                    .      United States Courthouse
 6              V.                  .      Trenton, New Jersey
                                    .      November 28, 2006
 7     New Jersey License Beverage  .
       Association, Inc., et al.,   .
 8                                  .
            Defendant(s).           .
 9                                  .
10     . . . . . . . . . . . . . . . . . . . . . . . . . . .

11                 TRANSCRIPT OF SETTLEMENT CONFERENCE
                 BEFORE THE HONORABLE JOHN J. HUGHES
12                 UNITED STATES MAGISTRATE JUDGE

13     APPEARANCES:

14     For The Plaintiff:          Louis Debenardo, Esq.
                                    Office of the Solicitor
15                                  U.S. Department of Labor
                                    201 Varick Street-Room 707
16                                  New York, NY 10014

17                                  Patricia M. Rodenhausen, Esq.
                                    Regional Solicitor
18                                  U.S. Department of Labor
                                    201 Varick Street-Room 707
19                                  New York, NY 10014

20     For The Defendant:          Richard S. Zackin, Esq.
                                    Gibbons Del Deo Dolan
21                                  Griffinger & Vecchione, PC
                                    One Riverfront Plaza
22                                  Newark, NJ 07102

23     For Starline:               Adam M. Smith, Esq.
                                    Coughlin Duffy, LLP
24                                  350 Mount Kemble Avenue
                                    Morristown, NJ 07962
25
```

2

| | | |
|---|---|---|
| 1 | For Midlantic: | Ronald A. Berutti, Esq. |
| 2 | | Weiner & Lesniak, LLP<br>629 Parsippany Road<br>Parsippany, NJ 07054 |
| 3 | | |
| 4 | For Stephan DeTimaso: | George G. Campion, Esq.<br>Weiner & Lesniak, LLP<br>629 Parsippany Road |
| 5 | | Parsippany, NJ 07054 |
| 6 | For Horizon: | Robert A. Baxter, Esq. |
| 7 | | Kelley, Wardell & Craig<br>Annin & Baxter, LLP<br>41 Grove Street |
| 8 | | Haddonfield, NJ 08033 |
| 9 | For National Benefits:<br>Administrators, Inc. | Beverly M. Wurth, Esq.<br>Calo & Agostino |
| 10 | | The Bank House<br>14 Washington Place |
| 11 | | Hackensack, NJ 07601 |
| 12 | Audio Operator: | Denis Glynn |
| 13 | Transcribing Firm: | Writer's Cramp, Inc. |
| 14 | | 6 Norton Rd.<br>Monmouth Jct., NJ 08852<br>732-329-0191 |
| 15 | | |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1      (Proceedings in progress)

2           THE COURT:  -- New Jersey License Beverage, 04-5692.

3  For the Government, would you enter your appearances please?

4           MR. DEBENARDO:  For the Secretary of Labor,

5  Plaintiff, Louis Debenardo, Attorney Solicitor's Office, U.S.

6  Department of Labor.

7           THE COURT:  Thank you.

8           MR. DEBENARDO:  And --

9           THE COURT:  Go ahead.

10          MS. RODENHAUSEN:  Patricia Rodenhausen, Regional

11  Solicitor, Your Honor.

12          THE COURT:  Thank you, Ms. Rodenhausen.  For the

13  Association.

14          MR. ZACKIN:  Richard Zackin, Gibbons Del Deo Dolan

15  Griffinger & Vecchione, and for all of the New Jersey License

16  Beverage Association Defendants.

17          THE COURT:  Great, thank you.  Apparently we have a

18  settlement between the Plaintiffs and the Association, is that

19  correct?

20          MR. DEBENARDO:  Yes, Your Honor.  We have an outline

21  of material terms of the settlement.

22          THE COURT:  Would you go through those please for us?

23          MR. DEBENARDO:  Okay.  I should say this is a partial

24  consent, Judge, Your Honor, with partial settlement between the

25  Secretary of Labor, the New Jersey License Beverage Defendants,

4

1    the Trustees, and the Association, and I believe the Plaintiff.

2              THE COURT:   Thank you.

3              MR. DEBENARDO:   That are represented by Mr. Zackin.

4              THE COURT:   Great.

5              MR. DEBENARDO:   Okay.   The terms of the plan are that

6    the New Jersey License Beverage Association Defendants will be

7    enjoined from future violates of ERISA.   Secondly, New Jersey

8    License Beverage Association Defendants will be enjoined from

9    being fiduciaries under two ERISA plans, and from marketing

10   ERISA plans and servicing ERISA plans.

11        The Court will appoint an independent fiduciary who will

12   do the necessary business of the plan, especially determine the

13   outstanding claims that are due, and a -- come forward to the

14   Court with a plan for the distribution of the moneys.

15        The All Writs Act will stay in place.   The -- it is the

16   intention that there will be a joint motion by -- to Judge

17   Pisano by New Jersey License Beverage Association Defendants,

18   and the Plaintiff, to approve the appointment of an independent

19   fiduciary, or have an independent fiduciary appointed to

20   approve the settlement and to put in place a Bar Order against

21   claims against New Jersey License Beverage Association

22   Trustees, New Jersey License Beverage Association, and Bar

23   Order against the plan.

24        Thirty days after the entry of the judgment -- strike

25   that, Your Honor.   Ten days after entry of -- after the

5

1   appointment of an independent fiduciary the New Jersey License

2   Beverage Association Defendants will pay to the independent

3   fiduciary the sum of $150,000, which will be held in trust for

4   the purposes of paying the expenses of administering the plan

5   and determining the outstanding claims, and with the expenses

6   that are necessary expenses that are regarding his duties.

7         Independent fiduciary will have the duties and powers that

8   are normally associated with a receiver and Trustee appointed

9   by the Court.

10        Ten days after entry of the judgment the New Jersey

11   License Beverage Association Defendants will pay into a Court

12   account, an interest bearing escrow account, the amount of $1.5

13   million.  And after the appointment of an independent fiduciary

14   by the Court these moneys will be taken over by -- and

15   controlled by the independent fiduciary to determine -- for a

16   -- for the distribution to the plan participants.

17        THE COURT:  That will necessitate another order to

18   either myself or Judge Pisano to effectuate that.

19        MR. DEBENARDO:  As the Court so orders, yes.  And --

20   okay.  The claims that the Secretary of Labor has against the

21   other Defendants in this case, Midlantic Defendants, as we

22   refer to them, will continue for the damages.

23        THE COURT:  Just so I'm clear, the only remaining

24   Defendants are Midlantic and DeTimaso, or are there others?

25        MR. DEBENARDO:  The only Defendants that Plaintiff's

1　Secretary of Labor has sued is Midlantic Health Care, Inc., and

2　Stephan DeTimaso.

3　　　　　THE COURT:　Right.　And your claims -- the

4　Secretary's claims against those Defendants remain, and all

5　third-party claims remain.　Is that your understanding?

6　　　　　MR. DEBENARDO:　Yes, Your Honor.

7　　　　　THE COURT:　Third-party complaint, yes, okay.　Any

8　other terms of the settlement?

9　　　　　MR. DEBENARDO:　Yes, there's an important provision

10　on 502(l) penalties.　As the Court is aware, it's a 20% tax on

11　any settlement.　What we've come to agreement on is that the

12　full restitutionary amount will be 1.5 -- $1½ million.　And

13　that the Defendants shall submit asset affidavits of three

14　years of tax returns to the EPSA within 30 days after entry of

15　judgment.　If they don't do so the 502(l) penalty, as it's

16　assessed, will be levied against the New Jersey License

17　Beverage Association Defendants who don't submit asset

18　affidavits.

19　　　In the event that -- if all the asset affidavits are

20　submitted the penalty -- any penalty that EPSA levies will come

21　out of the $1.5 million.　EPSA will send a notification to the

22　independent fiduciary as to the amount that's to be paid in

23　502(l) penalties.　These moneys will come out of the $1.5

24　million.

25　　　I believe those are the material terms as I understand

1   them.   If Mr. Zackin would like to add any material terms that

2   he believes are in the settlement.

3          THE COURT:  Mr. Zackin.

4          MR. ZACKIN:  No material terms to add.  Just that, as

5   Your Honor knows, Chubb is the carrier for the New Jersey

6   License Beverage Association Defendants.  Under the policy in

7   question we're gonna need to get the written consent of the

8   individual Defendants for this.  I don't anticipate any

9   difficulty, but --

10          THE COURT:  I want to be the first to know if there

11   is any such difficulty.

12          MR. ZACKIN:  Yes.

13          THE COURT:  Great.  And we're clear on the penalty

14   and -- the 20% penalty and the additional penalty if asset

15   affidavits are not provided.

16          MR. ZACKIN:  I think my understanding is that if all

17   parties supply the affidavits then any penalty will come out of

18   the 1.5 million.  If a particular person, Defendant, does not

19   supply an affidavit the Plaintiff will look only to that person

20   for any additional penalty.

21          THE COURT:  Of 300,000.

22          MR. ZACKIN:  Of 300,000.

23          THE COURT:  Yes, okay.

24          MR. DEBENARDO:  So if a person does not submit an

25   asset affidavit he will be assessed a penalty, but he'll have

```
 1   to pay out of his own funds rather than the 1.5 million.  I
 2   also should make it clear for the record that the $150,000,
 3   expenses for the independent fiduciaries, is moneys separate
 4   and above $1.5 million that is a restitutionary amount.
 5                THE COURT:  That's clear.
 6                MR. DEBENARDO:  Okay.
 7                THE COURT:  Anything further?  I think the motion,
 8   gentlemen, should be made to Judge Pisano sooner rather than
 9   later.  When can you get that together?
10                MR. ZACKIN:  Judge, I --
11                THE COURT:  I would assume you'd prepare it,
12   Mr. Zackin --
13                MR. ZACKIN:  I prepare at least --
14                THE COURT:  -- and the Government would join in it.
15                MR. ZACKIN:  Prepare as much of it as I can.  One
16   problem is I am starting a vacation later this week, and then
17   we have all the holidays coming up.  So I would ask for 45 days
18   to try to get it in to Judge Pisano.
19                THE COURT:  All right.  That's fine.  Let's do it no
20   later than January 12th, returnable February 5th.
21                MR. ZACKIN:  Thank you, Judge.
22                MR. DEBENARDO:  Perhaps we can have some grace on the
23   discovery schedule currently before the Court?
24                THE COURT:  Let me talk to -- you're free to go,
25   Mr. Zackin, you and your clients.
```

9

1        MR. ZACKIN:  Thank you, Judge.

2        THE COURT:  And I'll talk to the Government and all

3   remaining parties in a moment.  Any Williams Defendants in the

4   Courtroom?

5        MR. SMITH:  I'm sorry, Your Honor, can I ask one

6   question about the settlement?

7        THE COURT:  Who speaks.

8        MR. SMITH:  Adam Smith from Coughlin Duffy on behalf

9   of Starline.

10       THE COURT:  Yes, hi, Mr. Smith, how are you?

11       MR. SMITH:  The only question I have, will NJLBA

12   after this consent judgment still be a party to the litigation?

13       THE COURT:  No.  Well, that's an interesting point.

14   As far as I'm concerned, no, and it all depends on Judge

15   Pisano's granting the Bar Order.

16       MR. SMITH:  Under -- okay.

17       THE COURT:  Yes.

18       MR. SMITH:  But -- so the third-party complaint is

19   the only viable third-party complaint left is Midlantic's?

20       THE COURT:  Yes.  Right -- is that right, Mr. Zackin?

21       MR. ZACKIN:  Yes.

22       THE COURT:  Yes, that's right.

23       MR. SMITH:  Thank you, Your Honor.

24       THE COURT:  His third-party claim is extinguished by

25   the settlement, I would think, right, Mr. Zackin?

1      MR. ZACKIN:  Your Honor, I'm not 100% sure, but I'm

2  pretty sure.

3           THE COURT:  Well, don't leave until we're sure.

4           MR. ZACKIN:  Okay.

5           THE COURT:  Because we have a management plan to put

6  ahead.  So --

7           MR. ZACKIN:  We're not --

8           MR. SMITH:  That's my concern, Your Honor.

9           MR. ZACKIN:  We're not gonna pursue it.

10          THE COURT:  I'm glad you brought that up.  The answer

11  is that the Association will not pursue any third-party claim.

12  Now if -- I think you should speak to Mr. Zackin if you want to

13  put that in the form of an order or something.  You might want

14  to do that.  So it doesn't come back to haunt you.

15          MR. SMITH:  Thank you, Your Honor.

16          THE COURT:  Great.  Anybody else?

17          MR. BERUTTI:  Your Honor, may I ask a question as

18  well?

19          THE COURT:  Need it be on the record?

20          MR. BERUTTI:  I prefer this aspect to be on the

21  record.

22          THE COURT:  Sure.

23          MR. BERUTTI:  Ronald Berutti for Weiner & Lesniak on

24  behalf of the Midlantic Defendants.  One issue that springs to

25  mind in terms of the settlement, and I want to make sure our

1    rights are preserved to challange it, is the continuation of

2    the All Writs Act stay.  Our position certainly would be that

3    with the settlement against the NJLBA that our client's State

4    Court claim against the NJLBA could proceed.  The idea of the

5    stay was to try to keep all these claims together.  As there

6    would be no reason to continue the State Court stay I would

7    like to be able to move before Judge Pisano at the proper time

8    to lift that stay.

9          THE COURT:  Well let me just go back a moment.  And I

10   think procedurally let's discuss this.  The -- just so the

11   record's clear, was the stay granted by Judge Arlio upheld on

12   appeal be Judge Pisano staying the State Court litigation

13   between Midlantic and the Association concerning attorney's

14   fees and whatnot?  It would seem to me, Mr. Berutti, that the

15   way you would effectuate your rights would be to file an

16   opposition to Mr. Zackin and the Government's Motion for

17   Approval of Settlement, because that's part and parcel of the

18   settlement.  And that's procedurally how we'd approach it.

19   Because it would stay in affect -- the settlement hasn't been

20   approved so it's in affect now as we speak.  So I think that's

21   what you would do.  And I think you have every right if you

22   want to do that to oppose that portion of the settlement or any

23   other portion.

24          MR. BERUTTI:  Thank you, Your Honor.

25          THE COURT:  Anybody else?

12

1          ALL:   (No verbal response).

2          THE COURT:   Great.   Take a moment -- Mr. Debenardo,

3   I'm not sure -- you and Mr. Berutti and the third-party

4   Defendants, my understanding on the Case Management Order that

5   I signed yesterday and Mr. Campion sent it in, sets a March

6   13th -- March 15th final pretrial conference, and you all were

7   to arrange a 26(f) type meeting to plug in your schedule with

8   respect to discovery events.   Is that correct?   Is that

9   correct, Mr. Campion?

10          MR. CAMPION:   Yes.   The order was submitted to you,

11   and I don't know if Your Honor signed it yet --

12          THE COURT:   I signed it, and filed it yesterday, and

13   that was set on November 15th.   I think you should take a

14   moment and meet with everyone who still remains in the case and

15   let me know when you're ready and I'll come out and talk to

16   you.   My thinking is I want to keep that March 15th final

17   pretrial in place.   So Mr. Zackin, once you clear up this --

18   the pursuit of your third-party complaint you're free to go.

19   And thank you for -- both you and the representative from

20   Chubb.

21          MR. ZACKIN:   Thank you, Judge.

22          THE COURT:   Anything else?   I'll see everybody else

23   in a few moments.

24          THE CLERK:   All rise.

25      (Recess)

1    THE COURT:  Okay, we're on the record in Secretary of
2  Labor versus New Jersey License Beverage Association and
3  Midlantic, et al.  And the docket number, Mr. Campion, is 04 --
4    MR. CAMPION:  04-5692 {paren}, JAP.
5    THE COURT:  JAP, thank you.  And the Government is
6  represented by -- would you just --
7    MR. DEBENARDO:  Louis Debenardo, attorney for the
8  Plaintiff, Secretary of Labor, U.S. Department of Labor.
9    MS. RODENHAUSEN:  Pat -- Patricia Rodenhausen,
10  Regional Solicitor.
11    THE COURT:  Thank you.
12    MR. DEBENARDO:  Okay.
13    THE COURT:  For Midlantic.
14    MR. BERUTTI:  Thank you, Your Honor.  Ronald Berutti
15  of Weiner & Lesniak on behalf of Midlantic, and Steven DeTimaso
16  with George G. Campion.
17    MS. WURTH:  Beverly Wurth, firm of Calo & Agostino on
18  behalf of third-party Defendants, National Benefits
19  Administrators, Inc.
20    MR. BAXTER:  Robert Baxter of Kelley, Wardell on
21  behalf of third-party Defendant, Horizon.
22    THE COURT:  Mr. Debenardo, you want to announce the
23  terms of the settlement?
24    MR. DEBENARDO:  Yes, Your Honor.  The terms of the
25  settlement are that there be a partial consent judgment,

14

1   separate judgment from the New Jersey License Beverage

2   Defendants.  It will enjoin from future violations the

3   Defendant Midlantic Health Care.  It will enjoin Midlantic

4   Health Care from being a fiduciary to an ERISA plan or service

5   provided to an ERISA plan.  There will be the -- a

6   restitutionary amount of $600,000 paid by Midlantic Defendants

7   into an escrow account of the Court, 30 days after entry of

8   judgment, which shall be paid over to an independent fiduciary

9   upon his appointment by the Court.

10      There shall be the appointment of an independent fiduciary

11  to take over the plan, who will determine the amount of the

12  plan -- claims against the plan and all other administrative

13  matters, including preparing a plan of distribution of the

14  plan's assets to the Claimants and the participants.  That will

15  be subject to the approval of the Court, of course.

16      There will be a -- the Stay Order shall remain in place.

17  The All Writs Act stay.  There shall be a bar against all

18  claims against the plan and the Association and the Defendants

19  in this action, against the participants of the plan and the --

20  by service providers as provided in the Stay Order.

21  Essentially, all claims arising out of the failure of the --

22  Midlantic -- New Jersey License Beverage Association plan

23  collapse.

24      There will be a release by Midatlantic Health Care of its

25  State Court action against New Jersey License Beverage

1  Defendants, and there will be a stipulation of dismissal with

2  prejudice entered in the State Court action by the Midlantic

3  Defendants against the -- in the State Court action.

4  THE COURT:  Let me just clarify.  It seems to me that

5  the All Writs stay can stay in place until such time as a

6  stipulation of dismissal is submitted to the State Court Judge,

7  correct?

8  UNIDENTIFIED SPEAKER:  Judge, the All Writs Act stay

9  also pertains to other third-party claims that are out there.

10  THE COURT:  Oh, okay, that's right, too.  Okay, all

11  right, I see what you mean.  Okay.

12  UNIDENTIFIED SPEAKER:  Your Honor, just a small

13  point.  On that stipulation of dismissal with prejudice, that

14  will be assigned by all parties to the State Court action.

15  THE COURT:  Yes, right, exactly right.

16  MR. DEBENARDO:  Not just Midlantic, because there are

17  counterclaims against Midlantic.

18  THE COURT:  Yes, well, who else is involved in it?

19  The Association?

20  MR. DEBENARDO:  Yes.

21  THE COURT:  Yes, okay.  Of course they'll have to

22  sign it.  I think they'll be delighted to sign it.

23  MR. DEBENARDO:  I can't speak for Mr. Zackin and his

24  clients, but I can't see any objection from them.

25  THE COURT:  No.  And Mr. Berutti or Mr. Campion will

16

1    take great pains to explain that to Mr. Zackin before he leaves

2    on his vacation.  Go ahead, I'm sorry, I apologize for

3    interrupting.

4           MR. DEBENARDO:  No, no.  There will be a provision

5    that an asset -- that there will be a 502 -- that the 502(l)

6    penalty that's required will be levied against the

7    restitutionary amount of $600,000.  However, asset affidavits

8    and a claim for -- a request for a waiver of the 502(l) penalty

9    will be submitted by Midatlantic with an asset affidavit.  And

10   the accompanying tax returns, subject to Mr. Berutti getting

11   the approval of his client.  But essentially there has to be an

12   application for a waiver of a 502(l) penalty with the asset

13   affidavit.  In the event that the 502(l) -- in the event that

14   the application is not received by EPSA of the request for a

15   waiver of the 502(l) penalty within 30 days after entry of the

16   judgment then a penalty of $120,000 or 20% will be assessed

17   against Midatlantic.

18      The complaint will state that for purposes of settlement

19   Defendant DeTimaso neither admits nor denies the allegations of

20   the complaint.

21           THE COURT:  That it?

22           MR. DEBENARDO:  Just one second, Your Honor.  As far

23   as the judgment will be concerned, Your Honor, $600,000 will be

24   paid by Midlantic.  I understand from the Defendants that

25   there's some sort of arrangement.

1    THE COURT:  When is this to be paid?  And I thought

2  that what we were doing was in connection with the earlier

3  stated settlement, filing a Motion to Approve the Settlement,

4  and it will 30 days after approval by Judge Pisano.  Is that

5  the -- that's the operative date, that's the trigger, correct?

6    UNIDENTIFIED SPEAKER:  Correct.

7    THE COURT:  Okay, all right.

8    MR. DEBENARDO:  So Your Honor is correct.  If Your

9  Honor prefers it that way that we make a Motion for Approval of

10  the Settlement?

11    THE COURT:  I think --

12    MR. DEBENARDO:  I don't think there's gonna be any

13  opposition by Mr. Zackin.  I don't think there's gonna be any

14  opposition to Mr. Zackin's motion.

15    THE COURT:  Do you want to just send in a Consent

16  Order to Judge Pisano?  That's fine with me.

17    UNIDENTIFIED SPEAKER:  Judge, I think is -- the thing

18  is I believe that the -- I imagine that all those other parties

19  with third-party claims may have to be put on notice and they

20  have to consent to this, which is why you might want to file a

21  motion.

22    MR. DEBENARDO:  I think Mr. Berutti has raised an

23  excellent point.

24    THE COURT:  Okay.  Well then let's leave it the way

25  it is and do the motion practice.  We will have -- you can have

1  a joint Motion to Approve and appoint a fiduciary, and make

2  sure the Bar Order is in place.

3          MR. DEBENARDO:  Yes.  There will be two separate

4  motions, two separate judgments because --

5          THE COURT:  Okay, that's fine.

6          MR. DEBENARDO:  -- I prefer to keep them --

7          THE COURT:  That's fine.

8          MR. DEBENARDO:  Keep them on track, on different

9  tracks.  Okay.

10          THE COURT:  That seems to --

11          MR. DEBENARDO:  If Your Honor will indulge me and

12  give me one minute to go over my notes.

13          THE COURT:  Sure, go ahead.  Take a moment.

14      (Pause in proceedings)

15          MR. DEBENARDO:  Again, if -- I probably said that,

16  but if it's not submitted, if Midlantic does not submit the

17  application for a waiver of the 502(l) penalty, or application

18  for a waiver of 502(l) penalty then the $120,000 will be

19  assessed against it over and above.  Mr. DeTimaso has to sign

20  the judgment.

21          THE COURT:  You mentioned that.

22          MR. DEBENARDO:  Yeah, okay.

23          THE COURT:  Anything else?  Mr. Berutti, anything

24  from your perspective?

25          MR. BERUTTI:  Just a couple matters.

1      MR. DEBENARDO:  One thing, Your Honor.  Could you

2  give us a date for filing our papers, the judgment?

3      THE COURT:  January 12th, returnable February 5th.  I

4  think that's the date I gave Mr. Zackin, right?

5      UNIDENTIFIED SPEAKER:  It is, Your Honor.

6      THE COURT:  Yes, great, thank you.

7      MR. BERUTTI:  Just a couple things, Your Honor.  The

8  $600,000 payment is made on behalf of Midlantic, not the

9  Midlantic Defendants.  Mr. DeTimaso is not taking

10  responsibility for any of that payment.

11      THE COURT:  Right, I understand that.

12      MR. BERUTTI:  The $600,000, although we recognize

13  that the $600,000 is coming from our client, is broken down 450

14  from Midlantic, 100 from Horizon, and 50,000 from NBA.  Those

15  amounts will be paid by Horizon and NBA in time to pay

16  Midlantic Defendants.  I think that everyone's in agreement

17  with that.  In time to pay the Department of Labor.

18      The asset affidavit issue, Midlantic -- we just need to

19  get, again, subject to client consent, just like Mr. Zackin --

20      THE COURT:  Yes, I understand.

21      MR. BERUTTI:  We don't anticipate a problem.  But if

22  there is we'll let Your Honor know, and that's it.

23      THE COURT:  Okay.  And my understanding from the

24  third-party Defendants is that you have settled with

25  third-party Plaintiffs by way of contribution to the overall

1  settlement with the Government.  Is that right, or no?

2              UNIDENTIFIED SPEAKER:  That's correct.  I think there

3  was one other point.  The bar -- which we also wanted to have

4  the Bar includes so there's no claims that would come back at

5  us.

6              THE COURT:  My understanding is that this settlement,

7  if approved by Judge Pisano, will extinguish all claims in the

8  case, correct?  Anybody disagree with that?  I've got everybody

9  in the Court.  Correct?

10              UNIDENTIFIED SPEAKER:  Correct, with the proviso that

11  parties, participants who haven't filed a claim yet would be

12  able to submit a claim to the independent fiduciary.  That's

13  all.  And would come out of the pot.

14              THE COURT:  Yes, well, that's -- these parties aren't

15  part of this case, as far as I know.

16              UNIDENTIFIED SPEAKER:  No.

17              MR. DEBENARDO:  Any and all claims that have to do

18  with this plan at all --

19              THE COURT:  Yes.

20              MR. DEBENARDO:  -- have to go through the independent

21  fiduciaries.

22              THE COURT:  Yes, okay, yes, I understand that.

23  Anything else that anybody wants to put on the record?

24              ALL:  (No verbal response).

25              THE COURT:  I assume the motions will be filed before

1   Judge Pisano January 12th.  If there's any problem whatsoever

2   between now and then you let me know.  And I'll advise him that

3   that's where we're going.  Obviously in view of the global

4   settlement the rest of the schedule is suspended.  Anybody else

5   want to say anything?

6           UNIDENTIFIED SPEAKER:  Your Honor, just one last

7   thing to -- the last point.  The independent fiduciary will not

8   bring further claims against anybody.  He's just gonna be

9   responsible -- or she's gonna be responsible for distributing

10  the money for claims.

11          THE COURT:  For administering the fund, which as I

12  understand it, is encompassed by the settlement reflected by

13  what we just said and the earlier settlement today, correct?

14          UNIDENTIFIED SPEAKER:  Correct.

15          MR. DEBENARDO:  Yes, Your Honor.

16          THE COURT:  Okay, great.

17          UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

18          THE COURT:  Anything further?  I appreciate Counsel

19  spending a long time, and you certainly worked hard on it and

20  I'm happy.  Made my holiday.

21          ALL:  Good night, Your Honor.

22          THE CLERK:  All rise.

23      (Court adjourned)

24

25

22

| | |
|---|---|
| 1 | CERTIFICATION |
| 2 | I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter. |
| 3 | |
| 4 | Signature of Transcriber          1-12-07 |
| | Date |