Richard S. Zackin (RZ-2814)
**GIBBONS PC**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500
Attorneys for the New Jersey Licensed Beverage
Association Defendants/Third-Party Plaintiffs

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| Plaintiff | |
| v. | Civil Action No. 04-5692 (JAP) |
| NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY ROENICK; STEPHAN DI TOMASSO;  MIDLANTIC HEALTHCARE, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE WELFARE BENEFIT PLAN; | **NOTICE OF MOTION** |
| Defendants. | |
| NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE BENEFIT PLAN MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY RAHMIG; | |
| Third-Party Plaintiffs, | |
| v. | |
| RECREATIONAL COVERAGE ASSOCIATION, INC.; RECREATIONAL COVERAGE ASSOCIATION OF NEW JERSEY, INC.; HORIZON HEALTHCARE SYSTEMS; NATIONAL BENEFITS ADMINISTRATORS; INTERNATIONAL RISK CONSULTANTS; IMMS/STARLINE GROUP; AMERICAN FIDELITY ASSURANCE, | |
| Third-Party Defendants. | |

**TO ALL COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that on October 15, 2007, at 10:00 AM, or as soon

thereafter as counsel may be heard, the undersigned attorneys for the NJLBA

Defendants will apply by way of cross-motion to the Honorable Joel A. Pisano, United

States District Judge, at the Clarkson S. Fisher Federal Building & U.S. Courthouse,

402 E. State Street, Trenton, New Jersey 08608 for (1) the entry of an Order, in the

form annexed hereto as ATTACHMENT 1, certifying a class action and for related relief

pursuant to Rule 23(b)(1)(B) of the Federal Rules Of Civil Procedure and (2) the entry of

an Order, in the form annexed hereto as ATTACHMENT 2, modifying the previous

Orders of the Court with regard to the duties of the Court-appointed Independent

Fiduciary.

      **PLEASE TAKE FURTHER NOTICE** that in support of this cross-motion the

NJLBA Defendants shall rely upon the Certifications of Richard S. Zackin and Lewis

Rothbart and the brief submitted herewith and upon all other matters of record in this

action.

                             **GIBBONS PC**
                             Attorneys for the New Jersey Licensed
                             Beverage Association Defendants/Third-Party
                             Plaintiffs


                             By:         s/Richard S. Zackin
                                           Richard S. Zackin

Dated:  October 1, 2007

## ATTACHMENT 1

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff<br><br>v.<br><br>NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY ROENICK; STEPHAN DI TOMASSO;  MIDLANTIC HEALTHCARE, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE WELFARE BENEFIT PLAN;<br><br>Defendants.<br>_____<br><br>NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE BENEFIT PLAN MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY RAHMIG;<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>RECREATIONAL COVERAGE ASSOCIATION, INC.; RECREATIONAL COVERAGE ASSOCIATION OF NEW JERSEY, INC.; HORIZON HEALTHCARE SYSTEMS; NATIONAL BENEFITS ADMINISTRATORS; INTERNATIONAL RISK CONSULTANTS; IMMS/STARLINE GROUP; AMERICAN FIDELITY ASSURANCE,<br><br>Third-Party Defendants. | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br><br>Civil Action No. 04-5692 (JAP)<br><br><br><br><br>**ORDER CERTIFYING CLASS ACTION**<br><br>**(SETTLEMENT CLASS)** |

#1231476 v1

**WHEREAS**, this matter has been opened to the Court on the joint application of the defendants in the above-captioned action for an Order certifying a class action pursuant to Rule 23(b)(1)(B) of the Federal rules of Civil Procedure; and

**WHEREAS**, by Orders filed on February 27, 2007 and March 30, 2007, the Court entered Partial Consent Judgments (hereinafter "the Consent Judgments") pursuant to which a fund was established (hereinafter "the Fund") to be to administered for the benefit of those with claims under the Employee Retirement Income Security Act , 29 U.S.C. § 1001 *et seq.* ("ERISA"), for health and welfare benefits against the New Jersey Licensed Beverage Association Employee Welfare Benefit Plan (hereinafter "the Plan"), the Court having been satisfied that the settlement reached by the parties as reflected in the Consent Judgments and related Orders of the Court is in the best interest of all parties and likely represents the best result that the parties would be able to achieve, and

**WHEREAS**, by Orders filed on February 5, 2007 and May 16, 2007, the Court, pursuant to the Consent Judgments, has appointed an Independent Fiduciary to administer the Fund, and

**WHEREAS,** the enforceability of the Consent Judgments is, by their terms, conditioned upon the entry of a Bar Order precluding any future claims relating to the Plan other than claims to be submitted to the Independent Fiduciary, and

**WHEREAS**, after publication of notice, the Court, on June 8, 2008 held a hearing to consider objections to the form of Bar Order proposed by defendants in the within action, at which time certain objections were made to the proposed Bar Order on notice and due process grounds, and

**WHEREAS** the Court has determined that class action certification pursuant to Rule 23(b)(1)(B) will satisfy the above-referenced objections to the proposed Bar Order and is otherwise in the best interests of all potentially interested parties under the circumstances, and

**WHEREAS** the Court has considered the submissions in support of and in opposition to class certification and the oral argument of counsel, and good and sufficient cause having otherwise been shown,

**IT IS, ON THIS \_\_\_\_ DAY OF _____, 2007, HEREBY ORDERED ADJUDGED AND DECREED AS FOLLOWS:**

1. **Class Findings Pursuant to Fed. R. Civ. P. 23(a)**:

The Court finds as follows:

A.     There is a class consisting of claimants against the Plan, said claimants either being eligible participants in the Plan with potential claims against the Plan for reimbursement for the cost of health-related services covered by the Plan (hereinafter "Participants") or health care providers and others providing health-related services who have taken assignments from eligible Participants with such potential claims against the Plan and/or Participants (hereinafter "Providers");

B.     The class is ascertainable from records maintained by or on behalf of the Plan;

C.     There are in excess of one thousand potential claimants, and thus joinder of all class members is impracticable;

D     There are questions of law and fact common to the class regarding claims against the Plan, as evidenced by the claims asserted in the actions consolidated with

#1231476 v1

the within action by Orders of the Court filed on May 31, 2006 and June 8, 2006 (hereinafter "the Consolidation Orders");

E.      The claims of the parties, including the Secretary of Labor ("the Secretary"), who have instituted actions against the Plan, which actions are  subject to the Consolidation Orders, are typical of the potential claims against the Plan by non-party class members; and

F.      The interests of the class will be fairly and adequately protected by the parties, including the Secretary, who have instituted said actions against the Plan subject to the Consolidation Orders and by the Independent Fiduciary.

**2.      Class Findings Pursuant to Rule 23(b)(1)(B):**

The Court further finds as follows:

A.      Prosecution of separate actions by individual class members would create a risk of individual adjudications; and

B.      Adjudications with respect to the individual members of the class as a practical matter would be dispositive of the interests of the other class members not parties to the adjudications and would substantially impair or impede the ability of other class members to protect their interests for the following reasons:

(1)      The Plan ceased operations in August 2003 without any assets available to pay claims;

(2)      Records maintained by or on behalf of the Plan indicate that the amount of unpaid claims for benefits approved under the Plan is in excess of Six Million Dollars;

(3)      The Fund established by the Consent Judgments, in the amount of $2,250,000.00, is insufficient to satisfy the claims of all class members.

#1231476 v1

**3.      Preliminary Findings Regarding the Proposed Bar Order:**

The Court finds preliminarily that the proposed Bar Order, a copy of which is

annexed hereto as Exhibit A, is reasonable under the circumstances for the following

reasons:

(a)      the Consent Judgments resulted from extensive arms length negotiations among the parties under the auspices of Magistrate Judge John J. Hughes,

(b)      the Secretary, who represents the public interest in this matter, believes that the terms of the Consent Judgments are fair and reasonable,

(c)      the continued litigation of this matter would be lengthy and costly, with all defendants and third-party defendants vigorously contesting liability and with the outcome of the litigation in doubt,

(d)      the insurance carriers for the defendants, the entities contributing more than 93 percent of the Fund, understandably have insisted on the "peace" that would be achieved by the proposed Bar Order as a condition of the enforceability of the Consent Judgments,

(e)      the insurance policy contributing almost 75 percent of the Fund is a "wasting" policy that would likely be exhausted by future litigation costs prior to any judgment that might be entered,

(f)      the insurance carrier contributing approximately 75 percent of the Fund has reserved its rights on various coverage issues, thus further placing in doubt the ultimate availability of insurance proceeds to satisfy any judgment that might be entered,

(g)      the contributions to the Fund by Third-Party Defendants Horizon Healthcare Systems and National Benefits Administrators, pursuant to their settlement with defendant Midlantic Healthcare, Inc., approved by the Court by Order filed February 5, 2007, are conditioned upon the entry of a Bar Order in a form satisfactory to said Third-Party Defendants,

(h)      pursuant to the Consent Judgments, upon the entry of the Bar Order defendant Midlantic Healthcare, Inc. shall cause to be dismissed with prejudice its claims against the Plan and the New Jersey Licensed Beverage Association, which claims are in excess

of $900,000.00 and which would otherwise be competing against the claims of the class members for Plan assets, and

(i)   the Fund represents a secure source for payment to class members, whereas, even assuming liability is ultimately established, the ability of the Secretary to recover sums approaching the amount of the Fund for distribution to class members is highly in doubt.

**4.   Class Certification:**

A.   For the reasons stated above, this matter hereby is certified as a class action pursuant to Fed. R. Civ. P. 23(b)(1)(B).

B.   The class shall consist of all eligible Participants and Providers with potential claims against the Plan and/or Participants for benefits covered by the Plan.

C.   The class is certified as a non opt out class.

D.   The firm of Zazzali, Fagella, Nowak, Kleinbaum & Friedman, P.C., One Riverfront Plaza, Newark, New Jersey 07102-5410 is hereby appointed attorneys for the class.

**5.   Fairness Hearing:**

A.   On _____, 2007 at 10:00 AM the Court will conduct a fairness hearing to determine, among other things:

(1)   Whether the settlement, including the Fund, is fair, reasonable and adequate under the circumstances.

(2)   Whether the proposed means for distribution of the Fund is fair, reasonable, and adequate.

(3)   Whether the proposed Bar Order should be entered.

(4)   Whether the notice as sent to the class members pursuant to this Order (i) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the pendency of the litigation, their right to object to the proposed Bar Order, and their right to appear at the fairness hearing, (ii) constituted due, adequate and sufficient notice to all persons entitled to notice and

(iii) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

(5)     Whether the Fund should be turned over to the Independent Fiduciary for distribution.

(6)     The merits of any timely objections submitted by class members.

## 6.     Notice Requirements:

A.     The following shall receive individual Notice of this Class Certification Order.

(1)     All active eligible Participants in the Plan as of August 2003, as reflected in records maintained by or on behalf of the Plan;

(2)     All Providers who have unpaid approved claims against the Plan as reflected in records maintained by or on behalf of the Plan;

(3)     All other class members of whom the parties are presently aware or of whom the parties may become aware prior to the date of the fairness hearing;

(4)     All counsel of record for the parties in the actions identified in Paragraph B of the Stay Order of this Court filed on January 11, 2006 under the All Writs Act, 28 U.S.C. § 1651; and

(5)     The members of the New Jersey Licensed Beverage Association.

B.     Said Notice shall be in the form of Exhibit B annexed hereto.  The Court finds that this form fairly and adequately (a) describes the terms and effect of the resolution the parties have reached in this matter as reflected in the Consent Judgments and the effect of the proposed Bar Order, (b) gives notice to the class members of the time and place of the fairness hearing, (c) describes how the class members may object to class certification and/or the proposed Bar Order and (d) provides adequate time for class members to make any such objections.

C.     Each recipient of said Notice shall also be provided with a Claims Form to be submitted to the Independent Fiduciary in the form annexed as Exhibit C hereto [to

#1231476 v1

be supplied].  The Court finds that said Claims Form contains adequate instructions for its completion and provides adequate time to class members to submit claims.

D.     The Notice and Claims Form shall be sent by first class mail to class members on or before _____, 2007.  The Independent Fiduciary and counsel for the parties shall coordinate with regard to identifying the class members who are to receive said documents and with regard to the mailing of same.  The party or parties bearing the expenses of preparation and mailing shall be entitled to recover said expenses from the Fund upon presentation of proof of same to the Independent Fiduciary.  At or prior to the fairness hearing, counsel for the Secretary, the defendants and third-party defendant National Benefits Administrators shall certify that, to the best of their knowledge and information, all potential class members have been identified for Notice purposes.

E.     To help maximize the number of class members who are made aware of this Order of Class Certification, the parties shall undertake to publish a notification of said Order in the form annexed hereto as Exhibit D [to be supplied].  .  Said notice shall be published in the Star Ledger of New Jersey and in the [Florida paper] for a period of 5 consecutive days at or about the time that Notice is mailed to the class members. The party or parties bearing the expense of publication shall be entitled to recover said expense from the Fund upon presentation of proof of same to the Independent Fiduciary.

#1231476 v1

**7.      Prior Orders of the Court:**

The Stay Orders of this Court filed on January 11, 2006 and June 7, 2006 under the All Writs Act, 28 U.S.C. § 1651, shall remain in full force and effect until further Order of this Court as shall all other Orders of the Court in this matter not inconsistent herewith.

_____

HONORABLE JOEL A. PISANO, U.S.D.J.

#1231476 v1

## EXHIBIT A

Richard S. Zackin (RZ-2814)
**GIBBONS PC**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500
Attorneys for the New Jersey Licensed Beverage
Association Defendants/Third-Party Plaintiffs

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| Plaintiff<br><br>v.<br><br>NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY ROENICK; STEPHAN DI TOMASSO;  MIDLANTIC HEALTHCARE, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE WELFARE BENEFIT PLAN;<br><br>Defendants. | Civil Action No. 04-5692 (JAP)<br><br><br><br>**ORDER BARRING CLAIMS** |
| NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE BENEFIT PLAN MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY RAHMIG;<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>RECREATIONAL COVERAGE ASSOCIATION, INC.; RECREATIONAL COVERAGE ASSOCIATION OF NEW JERSEY, INC.; HORIZON HEALTHCARE SYSTEMS; NATIONAL BENEFITS ADMINISTRATORS; INTERNATIONAL RISK CONSULTANTS; IMMS/STARLINE GROUP; AMERICAN FIDELITY ASSURANCE,<br><br>Third-Party Defendants. | |

#1231476 v1

**WHEREAS,** by Orders filed on February 27, 2007 and March 30, 2007, the Court entered Partial Consent Judgments (hereinafter "the Consent Judgments") reflecting a settlement of the above-captioned action and pursuant to which a fund was established (hereinafter "the Fund") to be to administered for the benefit of those with claims under the Employee Retirement Income Security Act , 29 U.S.C. § 1001 *et seq.* ("ERISA"), for health and welfare benefits against the New Jersey Licensed Beverage Association Employee Welfare Benefit Plan (hereinafter "the Plan"), and

**WHEREAS**, by Orders filed on February 5, 2007 and May 16, 2007, the Court, pursuant to the Consent Judgments, appointed an Independent Fiduciary to administer the Fund, and

**WHEREAS** the enforceability of the Consent Judgments is, by their terms, conditioned upon the entry of a Bar Order precluding any future claims relating to the Plan other than claims to be submitted to the Independent Fiduciary, and

**WHEREAS** the Court determined that class action certification is in the best interests of all potentially interested parties to effectuate the terms of the settlement as reflected in the Consent Judgments and

**WHEREAS** the Court entered an Order on _____, 2007 certifying a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1)(B), and

**WHEREAS** the Court conducted a fairness hearing on _____, 2007 pursuant to Fed. R. Civ. P. 23(e), and

**WHEREAS** the Court by Order of even date herewith has approved the distribution of the Fund as proposed by the Independent fiduciary, and

**WHEREAS** there is otherwise good and sufficient cause for the entry of this Order,

#1231476 v1

**IT IS, ON THIS _____ DAY OF _____, 2007, HEREBY ORDERED AS FOLLOWS:**

1.      All former participants in the Plan, all health care providers or other entities who provided health related services to participants in, or beneficiaries of, the Plan and all collection agencies or other persons or entities acting on their behalf, are hereby permanently barred and enjoined from proceeding with any pending action or claim or, in the future, initiating any action or claim, in any state or federal court or arbitration proceeding or other legal forum, relating to benefits under the Plan or otherwise concerning the operation or termination of the Plan against any of the following:  the Plan, the New Jersey Licensed Beverage Association, Inc., Melvin Gitler, Robert Scerbo, Phil Citta, William Cleary, Robert Marciani, Joseph Ardire, Richard Bellshot, James Hill, Michael Marsh, Lewis Rothbart, Frank Zanotti, Ann Smulewicz; Randy Normand, Mary Rahmig (incorrectly named in the Complaint in this action as Mary Roenick), Stephan Di Tomasso, Midlantic Healthcare, Inc., Horizon Healthcare Systems, National Benefits Administrators, International Risk Consultants; Imms/Starline Group; American Fidelity Assurance and any of their insurers.

2.      All health care providers or other entities who provided health related services to participants in, or beneficiaries of, the Plan and all collection agencies or other persons or entities acting on their behalf are hereby permanently barred and enjoined from proceeding with any pending action or claim or, in the future, initiating any action or claims, in any state or federal court or arbitration proceeding or other legal forum which action or claim seeks to recover or concerns monies which constitute liabilities of the Plan or allowable charges against the Plan.

3.      The following civil actions filed in, or removed to, the United States District Court for the District of New Jersey, to the extent not previously dismissed, are hereby dismissed with prejudice:

Professional Gastro Assoc. v. Kalavrouziotis, et al.
Civil Action No.: 04-242 (JAP) (MCA)

Hackensack University Medical v. Rafiollah Nazarzadeh, et al.
Civil Action No.: 04-2981 (JAP) (MCA)

Englewood Hospital & Medical Center v. Guliadis, et al.
Civil Action No.: 04-3570 (JAP) (MCA)

Thomas Jefferson University Hospital v. Thomas Kalavrouziotis, et al.
Civil Action No.: 05-2981 (JAP) (MCA)

Hackensack University Medical Center v. Thomas AG. McStay, et al.
Civil Action No.:  05-174-(JAP) (MCA)

Union County Orthopedic Group v. Angela Aspromatis, et al.
Civil Action No.: 04-5181 (JAP) (MCA)

Stephen Freifeld, MD v. Miguel A. Gascon and Spanish Tavern, et al.
Civil Action No.: 04-5182 (JAP) (MCA)

Elaine LaRose, et al. v. New Jersey Licensed Beverage Association, Inc.
Civil Action No.: 05-173 (JAP) (MCA)

The Estate of William Heitzmann, et al. v. Healthchoice, et al.
Civil Action No.:  05-703 (JAP) (MCA)

St. Barnabas Medical Center v. Peter Vasilopoulos, et al.
Civil Action No.: 05-2947 (JAP) (MCA)

Virtua West Jersey Health System v. Athanas Kalavrouziotis, et al.
Civil Action No.: 05-3192 (JAP)

William A. Robinson v. New Jersey Licensed Beverage Association, Inc.,
et al., Civil Action No.:  05-1938 (JWB)

Wayne Manor, Inc. v. New Jersey License Beverage Association
Employee Benefit Plan, et al., Civil Action No.: 03-6246 (JAP)

Jayne Jaro v. New Jersey Licensed Beverage Association, et al.
Civil Action No.:  05-2238 (JAP)

#1231476 v1

Sa-Vit Collection Agency, et al. v. Philip and Joanna Garubo, et al.
Civil Action No.:  05-3993 (JAP)

Northern Jersey ENT Associates v. Elaine LaRose, et al.
Civil Action No. 05-4178  (JAP)

ACB Receivables Management, Inc., v. Gholamabbas Taklif, et al.
Civil Action No.: 05-4179 (JAP)

Hospital and Doctors Service Bureau v. Esposito, et al.
Civil Action No.: 05-4957 (JAP)

Trustees of the University of Pennsylvania, Owner and Operator of the
Hospital of the University of Pennsylvania v. New Jersey Licensed
Beverage Association et als., , Civil No. 06-1862 (JAP).

Hackensack Radiology Group, P.A. v. Gholamabbas Taklif and
Linda Taklif, et al., Civil Action No. 05-5609 (DRD) (SDW)

4.      Nothing herein shall be deemed to preclude any person or entity from

submitting a claim to the Independent Fiduciary for participation in the Fund.

5.      A copy of this Order shall be mailed to all persons and entities described

in paragraph 6A of the Order of the Court, entered on _____2007, which Order,

inter alia, certified a class action and required notice to class members.  The party or

parties bearing the expenses of preparation and mailing shall be entitled to recover said

expenses from the Fund upon presentation of proof of same to the Independent

Fiduciary.

_____
HON. JOEL A. PISANO, U.S.D.J.

#1231476 v1

**EXHIBIT B**

---

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** |
| Plaintiff | |
| v. | Civil Action No. 04-5692 (JAP) |
| NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY ROENICK; STEPHAN DI TOMASSO;  MIDLANTIC HEALTHCARE, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE WELFARE BENEFIT PLAN; | **NOTICE OF CLASS ACTION SETTLEMENT** |
| Defendants. | |

NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE BENEFIT PLAN MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY RAHMIG;

Third-Party Plaintiffs,

v.

RECREATIONAL COVERAGE ASSOCIATION, INC.; RECREATIONAL COVERAGE ASSOCIATION OF NEW JERSEY, INC.; HORIZON HEALTHCARE SYSTEMS; NATIONAL BENEFITS ADMINISTRATORS; INTERNATIONAL RISK CONSULTANTS; IMMS/STARLINE GROUP; AMERICAN FIDELITY ASSURANCE,

Third-Party Defendants.

TO:    All persons who have claims against THE NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE WELFARE BENEFIT PLAN, either as participants in the plan or as health care providers and others providing health-related services with potential claims against THE PLAN

#1231476 v1

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOUR RIGHTS TO PARTICIPATE IN OR OBJECT TO A PROPOSED SETTLEMENT OF THE LITIGATION LISTED ABOVE WILL BE AFFECTED**.

## The Purpose Of This Notice

This Notice has been sent to you because you are or may be a member of the class of persons whose rights are being determined in the above-identified action.  A proposed settlement of this litigation has been reached.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, this Notice will inform you of the terms of the proposed settlement and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement.  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement.

## Summary of Prior Proceedings In This Matter

Pursuant to the Employee Retirement Income Security Act ("ERISA"), the United States Secretary of Labor, Elaine L. Chao ("the Secretary") has initiated an action ("the Secretary's Action") in the United States District Court in New Jersey ("the Court") relating to the New Jersey Licensed Beverage Association Employee Welfare Benefit Plan ("the Plan").  In addition to the Plan, the Defendants in the Secretary's Action are , the New Jersey Licensed Beverage Association ("the Association"), Midlantic Healthcare, Inc. ("Midlantic") alleged by the Secretary to be the Plan Administrator, and a number of individuals alleged by the Secretary to be fiduciaries of the Plan.  As you may be aware, the Plan ceased paying benefits in August 2003.  The Secretary alleges that the Defendants were negligent in their management of the Plan, causing the Plan to suffer substantial losses.  For their part, the Defendants have denied any liability and, in turn, have asserted Third-Party Claims against various entities who performed services for the Plan, including Horizon Healthcare Systems ("Horizon") and National Benefits Administrators ("NBA"), both of which served as claims administrators for the Plan at various times.  The Third-Party Defendants have likewise denied any liability.

In addition, a number of former participants in the Plan and healthcare providers have initiated separate actions against the Plan to recover benefits they claim are owed to them by the Plan.  The Court has consolidated most of these separate actions with the action brought by the Secretary.

To date, the Court has made no determination as to which, if any, Defendants or Third-Party Defendants may be liable.

## Summary of the Proposed Settlement

The Secretary, the Defendants and Third-Party Defendants Horizon and NBA have reached a settlement which has created a Fund in the amount of $2,250,000.00.  All

- 2 -

class members with valid claims against the Plan under ERISA are entitled to participate in the Fund.  The Court has appointed an Independent Fiduciary, Andrew F. Zazzali, Jr., Esq., to administer the Fund, to determine the validity of claims against the Plan and to distribute proceeds from the fund on an equitable basis to class members with valid claims.  All class members who submit the approved Proof of Claim Form in accordance with the instructions on the Form and who do so on or before **[date]** will receive a distribution from the Fund if the Independent Fiduciary determines that the claim is valid.

In return, the Court will dismiss with prejudice all claims that have been brought to date against the above-described Defendants and Third-Party Defendants and will enter a Bar Order, which will preclude any and all claims relating to the Plan whether or not those claims have been brought to date.  Thereafter, all members of the class will be forever barred from any future litigation asserting any such claims.  The Independent Fiduciary will not be authorized to distribute the Fund until the Court approves the settlement and enters the Bar Order.  .

This Notice is merely a summary of the proposed settlement and does not describe all of the details.  Documents filed with the Court setting forth all of the terms of the settlement, the appointment of the Independent Fiduciary, the proposed Bar Order and related documents will be made available to you free of charge by writing to:

Michelle Laborda
Gibbons P.C.
One Gateway Center
Newark, new jersey 07102-5310

or by visiting  _____ **[WEB SITE**] _____ .


DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.  THE CLERK IS NOT ABLE TO PROVIDE ANY INFORMATION OR ADVICE REGARDING THIS NOTICE.


## Reasons for Settlement

The Court has preliminarily found the settlement to be fair, reasonable and adequate; because, among other reasons:

(a)    The continued litigation of this matter would be lengthy and costly, with all Defendants and Third-Party Defendants vigorously contesting liability and with the outcome of the litigation in doubt;

(b)    The Plan has no assets with which to pay claims.  Approximately 93 percent of the Fund is being contributed on behalf of the Defendants by their insurance carriers; the insurance carriers

understandably have insisted on the "peace" that would be achieved by the proposed Bar Order as a condition of any settlement;

(c)    The insurance policy contributing almost 75 percent of the Fund is a "wasting" policy that would likely be exhausted by future litigation costs prior to any judgment that might be entered;

(d)    The insurance carriers contributing to the Fund have reserved their rights on various coverage issues, thus further placing in doubt the ultimate availability of insurance proceeds to satisfy any judgment that might be entered I the litigation;

(e)    Under the settlement, defendant Midlantic will dismiss its claims against the Plan and the Association, which claims are in excess of $900,000.00 and which would otherwise be competing against the claims of the class members for Plan assets; and

(f)    The Fund represents a secure source for payment to class members, whereas, even assuming liability is ultimately established in the litigation, the ability of the Secretary to recover sums approaching the amount of the Fund for distribution to class members is highly in doubt.

**How Your Rights Are Affected By The Settlement**

If the Court approves the settlement, you will receive a distribution from the Fund provided:

(a)   you timely submit a Proof of Claim Form to the Independent Fiduciary in accordance with the instructions on the Form, and

(b)   the Independent Fiduciary determines that you have a valid claim.

If the Court approves the settlement, you will have no right to be excluded from the action for purposes of bringing a separate claim.  **Accordingly, if you do not submit a Proof of Claim Form to the Independent Fiduciary:**

**(a)   you will not be entitled to a distribution from the Fund, and**

**(b)   you will be barred from asserting a separate claim relating to the Plan against any of the Defendants in the Secretary's Action or against Third-Party Defendants Horizon and NBA.**

**The Amount of Your Distribution**

Prior to making distributions to class members, the Independent Fiduciary will deduct from the Fund fees and costs associated with the administration of the Fund and the transmission of notice to class members as well as certain penalties required to be

assessed under ERISA.  The Fund has been deposited in an interest bearing account and the interest will be used to defray these fees, costs and penalties.  The remainder of the Fund will be available for distribution to class members ("the Available Fund"). Although the amount of any distribution to which you may be entitled cannot be determined until all claims are evaluated by the Independent Fiduciary, it is anticipated at this time that the Fund will not be sufficient to reimburse all class members in the full amount of their respective claims.  If such proves to be the case, if the Independent Fiduciary determines that you have  a valid claim you will receive a distribution on a pro rata basis, that is, the percentage of the Available Fund distributed to you will be determined by dividing the amount of your claim by the total amount of valid claims as determined by the Independent Fiduciary.

## The Court Hearing On The Proposed Settlement

The Court will hold a hearing on whether it will or will not approve the settlement described above on **[date]** at **[time]**, before the Honorable Joel E. Pisano, United States District Judge, in Courtroom No. _____ of the United States Courthouse, which is located at 402 East state Street, Trenton, New Jersey 08608.  The purpose of this hearing will be to determine whether: (1) the settlement should be approved as fair, reasonable, and adequate; (2 the proposed means for distribution of the Fund is fair, reasonable, and adequate; (3) the Bar Order should be entered by the Court and (4) the Fund should be turned over to the Independent Fiduciary for distribution.

## Your Right To Be Heard At The Hearing

If you object to any aspect of the settlement, including the plan for distributing the funds or the application for the Bar Order, or you otherwise wish to be heard, you may appear and be heard at the hearing or make an appearance through counsel of your own choosing.  You are not required to attend the hearing or make an appearance through counsel.  **However, in order to be heard at the time of the hearing, you must make a written request to be heard at the hearing and mail that request to all of the following persons:**


1.      Clerk of the Court
        United States District Court
        for the  District of New Jersey
        402 East state Street,
        Trenton, New Jersey 08608


2.      Patricia M. Rodenhausen, Esq.
        United States Department of Labor
        Office of the Solicitor
        201 Varick Street
        New York, New York 10014

#1231476 v1

3.      Richard S. Zackin
        Gibbons P.C.
        One Gateway Center
        Newark, New Jersey 07102-5310


4.      Ronald A. Berutti, Esq.
        Weiner Lesniak LLP
        629 Parsippany Road
        P.O. Box 438
        Parsippany, NJ  07054-0438


YOUR REQUEST TO BE HEARD AT THE HEARING MUST BE POSTMARKED NO LATER THAN [DATE].

**Counsel For The Class**

The Court has appointed the firm of Zazzali, Fagella , Nowak, Kleinbaum & Friedman, P.C., One Riverfront Plaza, Newark, New Jersey 07102-5410, to serve as class counsel.   You are free to consult with an attorney of your own choosing at your own expense.

**No Further Notices Unless Settlement Approved**

You will receive no further notices concerning approval of this proposed settlement agreement.  However, if the settlement agreement and distribution of the Fund are approved by the Court, and if you submitted a claim to the Independent Fiduciary, you will receive a communication from the Independent Fiduciary along with any distribution to which you are entitled.

                                        UNITED STATES DISTRICT COURT
                                        FOR THE  DISTRICT NEW JERSEY

                                        Dated:  _____, 2007

- 6 -

## ATTACHMENT 2

Richard S. Zackin (RZ-2814)
**GIBBONS PC**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500
Attorneys for the New Jersey Licensed Beverage
Association Defendants/Third-Party Plaintiffs

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff<br><br>v.<br><br>NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY ROENICK; STEPHAN DI TOMASSO;  MIDLANTIC HEALTHCARE, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE WELFARE BENEFIT PLAN;<br><br>Defendants.<br><br>―――――――――――――――――――<br><br>NEW JERSEY LICENSED BEVERAGE ASSOCIATION, INC.; NEW JERSEY LICENSED BEVERAGE ASSOCIATION EMPLOYEE BENEFIT PLAN MELVIN GITLER; ROBERT SCERBO; PHIL CITTA; WILLIAM CLEARY; ROBERT MARCIANI; JOSEPH ARDIRE; RICHARD BELLSHOT; JAMES HILL; MICHAEL MARSH; LEWIS ROTHBART; FRANK ZANOTTI; ANN SMULEWICZ; RANDY NORMAND; MARY RAHMIG;<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>RECREATIONAL COVERAGE ASSOCIATION, INC.; RECREATIONAL COVERAGE ASSOCIATION OF NEW JERSEY, INC.; HORIZON HEALTHCARE SYSTEMS; NATIONAL BENEFITS ADMINISTRATORS; INTERNATIONAL RISK CONSULTANTS; IMMS/STARLINE GROUP; AMERICAN FIDELITY ASSURANCE,<br><br>Third-Party Defendants. | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br><br>Civil Action No. 04-5692 (JAP)<br><br><br><br><br>**ORDER RE INDEPENDENT FIDUCIARY** |

**WHEREAS**, by Orders in this matter filed on February 5, 2007 and May 16, 2007, the Court appointed an Independent Fiduciary for the New Jersey Licensed Beverage Association Employee Welfare Benefit Plan (hereinafter "the Plan") with the responsibility for, among other things, administering claims against the Plan by Plan participants and other claimants, and

**WHEREAS**, pursuant to the Partial Consent Judgments filed in this matter on February 27, 2007 and March 30, 2007 (hereinafter "the Consent Judgments"), and pursuant to Orders filed in this matter on February 5, 2007, granting Plaintiff's motions to deposit certain sums in Court, a fund has been established for the purpose of satisfying claims against the Plan as assessed by the Independent Fiduciary (hereinafter "the Fund"), and

**WHEREAS**, the Court has determined that a class action pursuant to Fed. R. Civ. P. 23(b)(1) is the best mechanism by which to distribute the Fund to claimants in a fair and equitable manner and to finally resolve all potential claims relating to the Plan and to otherwise implement the terms of the Consent Judgments, and

**WHEREAS**, the Court, accordingly, has this day entered an Order certifying a class action in this matter pursuant to Rule 23(b)(1) (hereinafter "the Class Action Order"),

**IT IS, ON THIS ____ DAY OF _____, 2007, HEREBY ORDERED AS FOLLOWS:**

1.    The duties and responsibilities of the Independent Fiduciary as set for the in the above-referenced Orders of February 5, 2007 and May 16, 2007, are modified as follows:

A.    Other than for the purposes of (a) the Independent Fiduciary's compensation and reimbursement of expenses, (b) the payment of certain penalties assessed by the Department of Labor pursuant to 29 U.S.C. §

#1231476 v1
104959-50901

1132(l) as filed with the Court on May 20, 2007, and (c) the payment of
fees and expenses contemplated by the Class Action Order and other
Orders of the Court, all as shall be approved by the Court, the Fund shall
be used exclusively for the satisfaction of claims of class members as
defined in the Class Certification Order;

B.      The Independent Fiduciary shall propose to the Court an equitable
distribution of the Fund to class members who timely submit claims to the
Independent Fiduciary pursuant to the instructions on the Claims Form
annexed as Exhibit C to the Class Certification Order;

C.      The Independent Fiduciary shall determine the total value of all valid
claims submitted by class members, the amount available for distribution
from the Fund, and the percentage of the total claims available for
distribution.  To determine each class member's distribution, the
Independent Fiduciary shall apply this percentage to the total value of the
class member's claim as determined by the Independent Fiduciary.

2.      Other than as may be modified herein, the duties and responsibilities of
the Independent Fiduciary as set forth in the above-referenced Orders of February 5,
2007 and May 16, 2007, shall remain in full force and effect.

_____

HONORABLE JOEL A. PISANO, U.S.D.J.

#1231476 v1
104959-50901